## JORDAN v. WARD et al.

(Circuit Court of Appeals, Ninth Circuit. October 10, 1894.)

### No. 158.

1. RESULTING TRUST—PUBLIC LANDS—PRE-EMPTION — CANCELLATION—PATENT TO CONTESTANT.

W., a citizen duly qualified, settled on a certain 40 acres of unsurveyed public land, and resided on and cultivated it as his home 4 years and 10 months, when he died. Three weeks before W.'s death, and during his temporary absence on account of sickness, J. went upon such 40 acres, removed and appropriated the improvements, and entered in the local land office his homestead entry, falsely alleging settlement thereon 14 months before such entry. A few days afterwards, and 35 days after a

plat of the survey of the township was filed in such office, W. applied to enter the land as his homestead, but his application was refused because of J.'s previous filing. About 80 days afterwards, W.'s devisee filed a contest, and the land department canceled J.'s entry, and issued a patent to such devisee, the decision being affirmed by the secretary of the interior. *Held,* that a bill by J. against such devisee and his mortgagee to establish a trust in such land, and to compel a conveyance to him, was properly dismissed.

**2.** SAME.

The fact that the land department canceled J.'s entry because its officers erroneously construed Rev. St. § 2291, as conferring rights on such devisee, did not entitle J. to maintain such action, it appearing that J. had no right of entry.

Appeal from the Circuit Court of the United States for the District of Washington, Northern Division.

Bill by William L. Jordan against John C. Ward and the Lombard Investment Company to establish a trust in favor of complainant in certain land, and to compel a conveyance to him. From a judgment dismissing the bill, complainant appeals. Affirmed.

Chas. K. Jenner, for appellant.

J. T. Ronald, for appellee John C. Ward.

O. G. Ellis, for appellee Lombard Investment Co.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

McKENNA, Circuit Judge. This is an action in equity to decree respondents trustees for complainant for the N. E. ¼ of the S. W. ¼, section 30, township 21 N., R. 6 E., Willamette meridian. The case is brought here on the pleadings, the complainant contending that the answers are insufficient to constitute a defense. The bill alleges, in substance:

That the said land, on the 15th of May, 1883, was unsurveyed public lands of the United States, and subject to entry under the homestead laws. That on said day plaintiff was qualified to claim the benefits of said laws, and had, prior to said date, occupied, cultivated, and improved said lands, and was upon said date, and had been long prior thereto, in peaceable possession thereof, and residing with his family upon an adjoining legal subdivision, which was surveyed public land, and subject to entry under section 2289, Rev. St. That on said day plaintiff entered at the United States land office at Olympia, Washington territory, said land and adjoining legal subdivision, containing 159 45-100 acres, under the homestead laws, and the same was allowed and entered upon the records of said office, and the legal fees accepted by the register and receiver of said office, and a receipt delivered to him,—No. 5,114. That thereafter plaintiff, with his family, continuously resided on said claim, cultivating and improving the same. That on the 8th day of July, 1889, he, having given notice of his intention according to law, made final proof of his claim except the said N. E. ¼ of the S. W. ¼ of section 30, and paid all fees and commissions, and a patent was duly issued to him. That he applied to make his proof on all his claim, and was able to do so, but was prevented by refusal by the officers of the land office to receive it, urging as a reason therefor a pretended cancellation of claim as to said land; and plaintiff alleges that the said officers, in so doing, erred in the interpretation of section 2291 of the Revised Statutes, and such interpretation was prejudicial to plaintiff, and against his protest. That on or about the 2d day of August, 1883, defendant Ward filed a contest affidavit in said land office, in which he alleged that he was the devisee of one John J. Winters, deceased, and prayed a hearing to determine the priority of settlement be-

tween plaintiff and said Winters to said N. E. ¼ of the S. W. ¼ of section 30, aforesaid. That said affidavit showed that said Winters intended to enter said land as a homestead, but died before making it, and that upon such showing the officers granted a hearing, and duly cited plaintiff to appear; and that plaintiff appeared in person and by attorney, and protested against the same, but the officers permitted the same to proceed, and decided that plaintiff's claim should be canceled; and plaintiff thereupon appealed to the commissioner of the general land office, who affirmed the said decision. Plaintiff thereupon appealed to the secretary of the interior, but said decision of the commissioner became final through no fault of, and against the protest of, plaintiff, and said claim was canceled; and that the decisions were made, and cancellation ordered, by reason of misinterpretation of said section 2291; and that no question of disputed fact entered into the consideration or determination of said cause by any of said officers. That on the 2d day of December, 1884, defendant Ward was permitted by said register and receiver to make, and did make, filing No. 7,095 as a pretended homestead, as and by virtue of his being devisee of said Winters, deceased, on said land, in pursuance of which, and final proof, a patent was issued to him, by reason of which he pretended to mortgage the said land to the Lombard Investment Company, and the latter claims such mortgage as a valid and subsisting lien. That the patent and mortgage cast a cloud on plaintiff's title, and the respondents should be decreed to hold in trust for plaintiff, and to convey such title to him. That the value of the land exceeds $2,000, and does not exceed $10,000, and that plaintiff has no plain and adequate remedy at law.

The prayer is in the usual form, and requires answers under oath.

The answer of the Lombard Investment Company as to the allegations of the bill says:

That it does not know, and cannot set forth, as to its belief or otherwise, and has no knowledge to enable it to deny or affirm their truth, except that it admits the issuance of a patent to Ward, and alleges the execution of a mortgage by him to it, and that it claims them as valid liens, and except that Ward's title or said mortgages cast a cloud upon any title of plaintiff, and denies that the patent to Ward was wrongfully issued. It alleges that it is a corporation created under the laws of Missouri, and entitled to do business under the laws of Washington, and that it loaned Ward $3,062.50 in good faith, and after having searched the records of the county of King in which said lands are situated; and that said Ward executed and delivered to it his written note and coupon bond, which are attached to the answer. No point being made upon them, they are omitted.

The answer of the defendant Ward alleges substantially the following facts:

The land in dispute is the northeast quarter of the southwest quarter of section thirty (30), township twenty-one (21), north of range six (6) east, in King county, Washington. August 1, 1878, John J. Winters, a citizen duly qualified, settled on the land, being unsurveyed, and continued to reside upon and cultivated it as his home up to his death, June 9, 1883. The survey of the township was made and approved March 16, 1883, and plat filed in district land office April 26, 1883. May 15, 1883, Winters had ten acres in cultivation, and had a dwelling house, barn, and other improvements, and was in open, notorious, exclusive, and peaceable possession. For a long time prior to May 15, 1883, Jordan had resided with his family upon adjoining land, and knew of the residence of Winters. On May 15, 1883, while Winters was temporarily absent, confined to his bed of last sickness in the hospital at Seattle, Jordan, with full knowledge of the facts, went upon the land, tore down Winters' house and barn, and appropriated to himself all Winters' improvements, and on said day entered in the local land office his homestead entry for the lands upon which he had resided, including in his filing the forty acres in question, falsely alleging settlement thereon January 1, 1882. On May 31, 1883, and within the time allowed by law after filing of the plat, Winters made application to enter the land as

his homestead, which was refused for the reason that Jordan had filed on the same a few days before. Nine days later, Winters died, leaving Ward, his sole devisee, all his interest in the land. August 22, 1883, Ward, as devisee, applied to contest Jordan's entry, alleging the facts of Winters' settlement, residence, devise, death, etc., and to have same canceled as to the forty acres in dispute. Hearing was had October 7, 1883, both parties being present in person and by attorney, and the register and receiver ordered that Jordan's entry as to this land be canceled, and that Ward, as devisee of Winters, be allowed to enter same. Jordan appealed, and on June 30, 1884, the general land office decided "that said Winters complied with all the requirements of the statute from the date of his settlement up to the day of his death, that he was qualified to make a homestead entry, that he applied in due time to make a homestead entry to the tract involved, and that he was a single man," and affirmed the decision of the local land office, and instructed that Ward be allowed to enter the land. Jordan again appealed to the secretary of the interior, but afterwards filed notice duly waiving said appeal and all rights thereunder. Said appeal was by the secretary of the interior dismissed. December 2, 1884, Ward, as devisee, accordingly entered the land as a homestead, and in due time proved up and received patent, dated July 18, 1889. Jordan never did reside upon the land, and never put any improvements upon the same. Since Winters' death, Ward has been in open, notorious, exclusive, peaceable, and undisturbed possession, continuously making it his home; and it is the only home he has had. He has greatly improved the same, clearing, grubbing, putting out a hopyard of eleven acres, and constructed hopkilns, a storehouse, barn, and other improvements, to the amount of five thousand dollars ($5,000).

Appellant excepted to the answers of respondents, but the exceptions were overruled by the court, and, appellant refusing to plead further, judgment was entered dismissing his bill. The ruling of the court is assigned as error.

The ruling was correct. If the facts set forth in the answer are true, Winters had a right of entry (Act May 14, 1880, § 3; 21 Stat. 141; Sturr v. Beck, 133 U. S. 547, 10 Sup. Ct. 350), and Jordan imposed on the officers by a false affidavit. It was competent for the land office, when the imposition was brought to its notice, to cancel his entry. Knight v. Association, 142 U. S. 161, 12 Sup. Ct. 258; Cornelius v. Kessel, 128 U. S. 461, 9 Sup. Ct. 122; Mill Co. v. Brown (decided by this court Nov. 14, 1893) 7 C. C. A. 643, 59 Fed. 35. See, also, Mortgage Co. v. Hopper (decided at the present term) 64 Fed. 553, where this question is fully reviewed. Jordan was given a hearing, and appeared personally and by attorney, and successively appealed from decisions against him to the commissioner of the land office and to the secretary of the interior, who affirmed the decisions of the register and receiver and commissioner. It is alleged, however, by appellant, that his entry was canceled because the officers of the land office construed section 2291, Rev. St., as conferring rights on Ward as the devisee of Winters. If so, they necessarily decided that Winters had the right of entry, and that Jordan had not, which decision, as we have already said, was correct. If they went further, and gave Ward rights he was not entitled to (of which we express no opinion), it is no concern of appellants. He, at any rate, was not entitled to a patent, and has no cause of action against respondents. Lee v. Johnson, 116 U. S. 48, 6 Sup. Ct. 249; Mill Co. v. Brown and other cases supra. The judgment of the circuit court is therefore affirmed.