## CALIFORNIA REDWOOD CO. v. LITLE.

(Circuit Court, N. D. California. April 12, 1897.)

1. PUBLIC LANDS—PRE-EMPTION—CERTIFICATE OF PURCHASE—BONA FIDE PURCHASER.

The holder of a certificate of purchase of public land, based upon a preemption entry, acquires only an equitable title to the land, and a purchaser of such certificate can acquire no greater estate or right than the entryman possesses; and it is not entitled to protection as a bona fide purchaser, though without notice of fraud in the making of the entry. Mortgage Co. v. Hopper, 12 C. C. A. 293, 64 Fed. 553, followed.

2. SAME—FRAUDULENT ENTRY—BURDEN OF PROOF.

When the holder of a certificate of purchase of public land, based on an entry which has been canceled for fraud, asserts title to the land as against the holder of a patent issued on a different title, the burden of proof rests upon him to show affirmatively that he is entitled to a patent. Mortgage Co. v. Hopper, 12 C. C. A. 293, 64 Fed. 553, followed.

3. SAME—CANCELLATION OF ENTRY—NOTICE.

The action of the commissioner of the general land office in canceling an entry of public land is not void because the holder of the certificate of purchase receives no notice of the proposed action. Mortgage Co. v. Hopper, 12 C. C. A. 293, 64 Fed. 553, followed.

4. SAME—APPROVAL BY SECRETARY OF INTERIOR.

The fact that a ruling of the commissioner of the general land office canceling an entry of public land for fraud has not been approved by the secretary of the interior, as required by Rev. St. § 2451, gives no right to the holder of the certificate based on such entry to assert title as against the holder of a patent to the land issued upon another title.

This was a bill in equity to have the respondent decreed to hold in trust for the complainant the legal title to a certain quarter section of land.

Page, McCutchen & Eells, for complainant.
Henley & Costello, for respondent.

MORROW, District Judge. This is a suit by the California Redwood Company to have the respondent, B. S. Litle, decreed to hold in trust for complainant the legal title to the S. W. ¼ of section 22 in township 8 N., of range 1 E., Humboldt base and meridian, containing 160 acres, and acquired by said Litle under a patent from the United States in conformity to an act entitled "An act for the sale of timber lands in the states of California, Oregon, Nevada and in Wash-

ington territory," approved June 3, 1878 (20 Stat. 89); also, to compel the respondent to convey said land to complainant in fulfillment of said trust, and that the respondent, his heirs and assigns, and all persons claiming under him or them, may be forever barred and enjoined from setting up any right, title, or interest in said land adverse to the complainant. The claim of complainant to the land in controversy is based upon a pre-emption entry made by one William M. Bohall, to whom a certificate of purchase was duly issued on March 21, 1883, by the receiver of the land office of the Humboldt land district. The complainant claims under this certificate of purchase; having acquired the same through certain mesne conveyances from the entryman, Bohall. The respondent holds a United States patent to the land in controversy, duly and regularly issued to him on December 3, 1890; the entry of said Bohall and the certificate of purchase issued to him, under which the complainant claims, having been in the meanwhile canceled by the commissioner of the general land office at Washington on the ground that the entry of said Bohall had been fraudulently made, as it was procured to be made for the benefit of another, one Charles E. Beach, and not for the benefit of Bohall, the entryman. The evidence introduced on behalf of the respondent shows that the land was not entered for Bohall's own benefit, but that it was for the benefit and in the interest of others; that he had nothing to do with making proof, except to file his sworn statement, which was false; that he did not make the required payment of $400 for the land; that he received the sum of $50 from Charles E. Beach for allowing his name to be used to effect the entry, and for subsequently conveying his equitable title in said land, under said certificate of purchase, to Beach. Beach, the proofs further show, conveyed to others, who in turn conveyed to the complainant. The latter did not attempt to controvert this evidence, but introduced testimony tending to show that it knew nothing of the fraudulent character of the entry made by Bohall, and his conveyance to Beach; in other words, it claims that it occupies the position of a bona fide purchaser. It has, however, introduced no evidence of any kind tending to show that any fraud, deception, or imposition was practiced upon the officers of the land department in obtaining the patent issued to the respondent, Litle. No proof has been offered which would tend to show that the entry of Bohall, under whom the complainant bases its right, title, and interest to the land, was valid, or that it was made in good faith. The commissioner of the general land office having canceled the entry for fraud, and a patent having been issued to the respondent, all the reasonable presumptions are in favor of the patent, and the burden of proof was upon the complainant to show affirmatively that it was entitled to the patent. It does not do this by showing merely that the proceedings preliminary to obtaining the certificate of purchase under which it holds were regular and in accordance with law, and that it knew nothing of the fraudulent nature of the entry. As was well said by Judge Hawley in Mortgage Co. v. Hopper, 12 C. C. A. 293, 298, 64 Fed. 553, 557, speaking for the circuit court of appeals for this circuit (Ninth) in a case of striking similarity to the one at bar:

"The burden of proof was upon the appellant to show that it was entitled to a patent, and it was essential for it to prove that Waddel's entry was valid, as against the government of the United States. The conclusions of the land department upon the invalidity of Waddel's entry, having been arrived at apparently within the scope of its authority, are prima facie correct, and appellant having assailed their correctness, it devolved upon it to affirmatively show that the conclusions were illegal and unauthorized. It cannot fairly be said that Waddel had acquired any vested right to the property, if it be true that his entry upon the lands was secured by fraud."

See, also, U. S. v. Steenerson, 1 C. C. A. 552, 50 Fed. 507; Lee v. Johnson, 116 U. S. 48, 6 Sup. Ct. 249; Bohall v. Dilla, 114 U. S. 47, 5 Sup. Ct. 782; Mill Co. v. Brown, 7 C. C. A. 643, 59 Fed. 35.

In speaking of the claim, made in that case as it is in the case at bar, that the complainant was a bona fide purchaser for value, and that it was entitled to protection on that ground, the court said:

"The law is well settled that the purchaser of an equitable title takes only such interest in the property as his grantor had at the time of his purchase. Waddel, by his certificate of purchase, only obtained the right to a patent for the land provided his acts were legal, and in all respects such as to warrant the issuance of a patent to him. His rights were in a measure dependent upon the subsequent action of the land department, within its legitimate authority, of ascertaining whether he had complied with all the prerequisites prescribed by law, and whether he was lawfully entitled to the land in question. His purchase of the land was subject to the rules and regulations of the land department. It is true that his entry was sufficient to satisfy the register and receiver of the local land office; but it was subject to the control and supervision of the commissioner of the general land office, and the action of the register and receiver was liable to be reversed upon appeal. When appellant purchased the land, it took it subject to the final action of the land department, and to such proceedings as might thereafter be had in the courts to affirm or set aside the rulings of the officers of such department in regard thereto. It purchased the land before the issuance of a patent. The legal title was still in the government. It therefore obtained, by its purchase, only an equitable interest in the land, and is not, for the reasons stated, entitled to protection as a bona fide purchaser. Shirras v. Caig, 7 Cranch, 34; Vattier v. Hinde, 7 Pet. 252; Boone v. Chiles, 10 Pet. 177, 210; Smith v. Custer, 8 Dec. Dept. Int. 269; Root v. Shields, Woolw. 341, Fed. Cas. No. 12,038; Randall v. Edert, 7 Minn. 450 (Gil. 359); Shoufe v. Griffiths (Wash.) 30 Pac. 93. In Smith v. Custer, supra, Secretary Vilas clearly enunciated the principles applicable to this case. He said: 'The pre-emption purchaser takes, by his final proofs and payment and his certificate of purchase, only a right to a patent for the public lands in case the facts shall be found by the general land office and the interior department, upon appeal, to warrant the issuance of it. Whatever claim to patent he possesses by virtue of his payment and certificate is dependent upon the further action of the department, and its future finding of the existence of the conditions, and his compliance in fact with the prerequisites prescribed by law to the rightful acquisition of the public lands he claims. This being so, it is plain that the purchaser can acquire from the entryman no greater estate or right than the entryman possesses.'"

In my opinion, the complainant in this case has failed, upon its proofs, to show that it had, or now has, a better right to the land than the respondent, Litle, has under his patent. It is contended, however, that the ruling of the commissioner of the general land office canceling the entry of Bohall was void and of no effect for the reason (1) that the complainant received no notice of such proposed action, and was therefore deprived of its property rights without due process of law; (2) that the ruling of the commissioner does not ap-

pear to have been approved by the secretary of the interior and the attorney general as provided in section 2451 of the Revised Statutes; and (3) it is claimed, as before stated, that in any event the complainant is a bona fide purchaser, and cannot be deprived of the land in controversy by the subsequent issuance of a patent to another. With reference to the first and third propositions, I deem it unnecessary to enter into any discussion of the case, for the reason that the identical questions were passed upon by the circuit court of appeals for this circuit in the case of Mortgage Co. v. Hopper, already referred to, and are therefore binding upon this court, under the doctrine of stare decisis. A reference to that decision will show that it involved a suit precisely similar to the one in the case at bar, and that the facts relating to the original fraudulent entry, subsequent cancellation by the commissioner of the general land office, and the subsequent issuance of a patent to a later and bona fide entryman, are closely analogous. The two propositions referred to and now urged in this case were elaborately and ably considered by the circuit court of appeals, as well as other propositions common to both cases, and they were decided adversely to the contentions of the complainant. I shall therefore content myself by simply referring to, and resting my decision upon the authority of, that case.

The second contention urged by the complainant, viz. that the ruling of the commissioner is void, not appearing to have been approved by the secretary of the interior and the attorney general, as provided in section 2451, Rev. St., does not seem to have been pressed to the court's attention in the case referred to. I do not, however, regard this point as vital or controlling. It is true that the documentary evidence relating to the action of the land department as to the cancellation of the entry under which the complainant holds does not show that the ruling of the commissioner was approved by the officials designated in the section referred to; but I fail to see how this omission or failure, assuming that such be the fact, can affect the validity of the patent issued to the respondent. So far as the facts of this case are concerned, and the claims of the respective litigants are affected, it may be treated as an irregularity. The commissioner undoubtedly had the power to cancel the entry for fraud. The entry having been canceled for fraud, the entryman himself could not be heard to complain of such irregularity. He certainly would be deemed estopped from asserting any benefit to be derived from the mere technical failure of the officials designated in section 2451, Rev. St., to approve the ruling of the commissioner. The equitable maxim that one who comes into a court of equity must come with clean hands would be totally disregarded if the entryman could defeat the bona fide title held by the respondent under his patent by any such contention. It is well settled, as previously stated, that the complainant, having deraigned its title from a certificate of purchase for which no patent was ever issued, does not stand in the position of a bona fide purchaser. See cases cited above. It therefore stands in no better position than does the fraudulent entryman. What he cannot avail himself of, it certainly cannot. As was well said in U. S. v. Steenerson, supra:

"If it be true, in a given case, that the entry of the land was not made in good faith, but in fraud of the law, certainly it cannot be said that the claimant has become the equitable owner of the land, and that the United States is merely a trustee holding the legal title for his benefit. Fraud vitiates any transaction based thereon, and will destroy any asserted title to property, no matter in what form the evidence of such title may exist,"—citing The Amistad, 15 Pet. 518; League v. De Young, 11 How. 185.

It is therefore difficult to understand upon what theory the mere failure of the officials referred to to approve the ruling of the commissioner can be deemed to bestow upon the complainant greater rights than the entryman possessed, nor how such failure can operate to invalidate the patent issued to the respondent. Counsel for complainant have referred to two cases, both decided by Judge Hanford, of the district of Washington, in which that learned judge holds that unless the ruling of the commissioner canceling an entry be approved by the secretary of the interior and the attorney general, as provided by section 2451, Rev. St., the cancellation will be inoperative. The cases are Land Co. v. Hollister, 75 Fed. 941, and Hawley v. Diller, 75 Fed. 946. It is to be observed, however, that the facts of the two cases cited and those of the case at bar, as well as the conclusion at which the court arrived upon the facts, are different. The court did not find, as here, that the entry through which the complainant claims was fraudulent. In the case of Land Co. v. Hollister, supra, the court found affirmatively that no fraud had been committed in connection with the original entry. So far as the facts of the present case are concerned, I do not regard the mere failure of the secretary of the interior and of the attorney general to approve the ruling which the commissioner undoubtedly possessed the power to make as material, so far as the rights of the complainant and the respondent are affected by this proceeding. The bill will therefore be dismissed, with costs.