E. CORPE, RESPONDENT, *v.* QUINCY A. BROOKS, APPELLANT.

SCHOOL BOARD—CO-ORDINATE DEPARTMENT—DECISIONS NOT REVIEWABLE.— The decisions of the board of commissioners for the sale of school and university lands, etc., are not the subject of review by the courts. The board is not an inferior court or tribunal over which the circuit courts have a supervisory control, but a co-ordinate department of the state government, whose discretion and decisions the courts can not control.

APPEAL from Marion County. The facts are stated in the opinion.

*W. W. Thayer,* for appellant.

*John Burnett and R. S. Strahan,* for respondent.

By the Court, BOISE, J.:

The appellant, Brooks, on the sixteenth day of January, 1872, filed his application to purchase the land in controversy as swamp lands of the state, under the act of October 26, 1870. He afterwards paid twenty per cent. of the purchase price at one dollar per acre, to wit, twenty cents per acre, and on the fourth day of April, 1872, received of the board of commissioners a certificate of purchase for the lands which are lots 4, 5, 6, 7, 8, 9, 10, 15, and 16, in section 16, T. 40 S., R. 8 E., and are in Lake county. Said

lands had been selected as swamp lands, and the selection was afterwards approved by the surveyor general.

On the twenty-sixth of September, 1876, Corpe, the respondent, filed an application with said board to purchase these same lots of land as school lands, claiming that these lands are school lands and not subject to be sold as swamp lands. This application the board rejected, on the ground that the land was in fact swamp, and that the state had already sold it as such to Brooks. On the fourteenth of December, 1877, the attorneys of Corpe instituted a contest before the board to obtain a deed for this land as school land. At the hearing of the contest on the fifteenth of January, 1878, the parties were heard by their attorneys, and the matter taken under advisement by the board, who on the sixth of March, 1878, rendered their decision in favor of Brooks.

Afterwards, upon the petition of Corpe to the circuit court of Marion county, a writ of review was granted to said board, and the decision of said board brought before said circuit court to be reviewed for alleged errors. And said court entertained the proceedings under said writ and reviewed said decision and reversed the same, and ordered that said board, upon payment by said Corpe of the appraised value of said land in controversy, execute a patent for said land to said Corpe. From this decision of the circuit court the appellant, Brooks, appeals to this court. Several questions have been presented by the counsel in the argument, which it will not be necessary to notice in this opinion, for the reason that we think a writ of review does not lie from the circuit court to bring before it for review the proceedings of the board of commissioners for the sale of school and university lands, etc.

This board was created by the state constitution and by it invested with the power to dispose of these state lands, and its powers and duties are such as are provided by law. It is composed of the governor, secretary of state, and state treasurer, and is a part of the administrative department of the government, and exercises its powers independent of the judiciary department, and its decisions are not subject

to be reversed by the court. It occupies in this state the same relation to the state judiciary as the land department of the United States does to the United States courts, and their decisions have not been the subject of review by the United States courts. It was held in the case of *Joseph Pin et al.* v. *James Morris*, that our late territorial courts could not revise the decisions of the surveyor general, and in that case Williams, C. J. says: " Congress has ordained a land department of the government, whose business it is made to determine those questions which arise out of the disposal of the public lands, and the courts of the country can not interfere to regulate or control that business without introducing uncertainty and confusion into the whole system." See also the case of *Board of Supervisors* v. *The Auditor General*, 27 Miss. 165. The board is the land department of this state, and their decisions as to who shall receive a patent to land is conclusive on the courts. But the courts may, on a proper showing, decree that the patentee holds the land as the trustee of one having a better right in equity. This board is not in any sense an inferior court or tribunal over which the circuit courts have a supervisory control, but a co-ordinate department of the state government, whose discretion and decisions the courts can not control.

The decision of the circuit court will be reversed and the writ of review dismissed with costs.