## BOHALL *v.* DILLA.

IN ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Submitted March 10, 1885.—Decided March 23, 1885.

To charge the holder of the legal title to land under a patent of the United States, as a trustee of another, it must appear that, by the law properly administered in the Land Department, the title should have been awarded to the latter : it is not sufficient to show that there was error in adjudging the title to the patentee.

Pre-emption laws require a residence both continuous and personal upon the tract, of the person who seeks to take advantage of them.

The settler may be excused for temporary absences from the tract, caused by sickness, well-founded apprehensions of violence and other like enumerated causes.

This case came before this court from the Supreme Court of California. The plaintiff in the court below, the defendant in error here, was the holder of a patent of the United States for certain lands situated in Humboldt County, in that State, issued to him under the pre-emption laws upon proof of settlement and improvement, and the present action is to recover their possession. In his complaint he alleged his ownership in fee of the premises on a day designated, the entry thereon of the defendant without license, and the subsequent withholding of them; also, that the value of the annual rents and profits of the premises was $800, for which sum and the restitution of the premises he prayed judgment.

The answer of the defendant denied the several allegations of the complaint, and set up in a special count, by way of a cross-complaint, various matters, which, as he insisted, constituted in equity a good defence to the action and entitled him to a decree; that he had an equitable right to the premises; that the plaintiff held the title in trust for him; and that the plaintiff should be required to convey the same to him.

The matters set up as grounds for equitable relief were the previous settlement upon the premises and their improvement by the defendant, and certain proceedings taken by him to acquire the title under the pre-emption laws, which were disregarded and held insufficient by the Land Department of the Government, but which he contended established his right to the patents.

It appeared from the record and findings of the court that in October, 1862, the defendant purchased from his brother William, then in occupation of the land, the possessory right of the latter to the premises and his improvements thereon, received a deed from him, and immediately thereafter went into possession, which was held until March 23, 1865; that on that date, in consideration of $600, partly paid in cash and partly payable in instalments, the defendant contracted to convey the premises and improvements to the plaintiff Dilla, who thereupon was put into possession and continued in possession until the 5th of May, 1868; that he was then evicted under a judgment obtained by the defendant upon the contract of pur-

chase, and the latter was restored to the possession. In July, 1869, the defendant removed to Arcata, about twenty miles distant, and remained there until October, 1871, when his family went back to the land, followed by himself in December. In April, 1872, he moved to Mattole, about eighty miles distant, and there remained until August, 1874, when he again returned. In October following he again moved to Arcata and did not return until March, 1875.

. The land was surveyed in 1873, and the plat thereof filed in the land office in October of that year. On the 3d of that month the defendant Bohall filed his declaratory statement, alleging settlement on October 22, 1862, and claiming the land. On the 26th of December following, the plaintiff Dilla filed his declaratory statement, alleging settlement under the pre-emption laws on the 25th of March, 1865, and claiming the land. A contest thus arose in the local land office between these parties as to which was entitled to the land under the pre-emption laws. The register and receiver of the land office differed in their judgment, the receiver holding that the land should be awarded to Dilla, and the register that it should go to Bohall. The contest was thereupon transferred to the General Land Office at Washington, and the Commissioner sustained the claim of Dilla, holding that, from the time of his settlement in 1865, until ejected in 1868, he had fully complied with the law; that his absence since then was compulsory, as he was unable to make a residence on the land without being in contempt of the court, under whose judgment he was evicted; that his non-residence was for that reason excusable, and should not be allowed to work against him. But as to Bohall, the Commissioner held that his residence on the land had not been continuous since his settlement, but had been interrupted by residence elsewhere for several periods; and that the occupation of tenants during such periods did not satisfy the provisions of the pre-emption laws, which required the continuous personal residence of the pre-emptor; and therefore his claim was rejected. The decision of the Commissioner was affirmed on appeal by the acting Secretary of the Interior. It is upon this ruling, charged to be erroneous, that the de-

fendant relies to maintain his claim for equitable relief. The local State court upon these facts, and others not material to the case, adjudged that the defendant was entitled to the decree prayed; but the Supreme Court of the State held otherwise, and reversed the judgment; and, as there was no finding as to the value of the rents and profits of the premises, ordered a new trial if the plaintiff so elected. Upon the filing of the remittitur in the lower court, the plaintiff waived his privilege of a new trial, and the court thereupon, on the pleadings and previous findings, gave judgment for the plaintiff, which was affirmed by the Supreme Court of the State; and this judgment was brought here for review.

*Mr. S. M. Buck* and *Mr. W. W. Cope* for plaintiff in error.

*Mr. Walter Van Dyke* for defendant in error.

Mr. JUSTICE FIELD, after making the foregoing statement, delivered the opinion of the court.

The system of pleading in civil cases in the courts of California permits an equitable defence to be set up in a special count, by way of cross-complaint, in the answer to an action for the possession of lands. The cross-complaint is in the nature of a bill in equity, and must contain its material allegations, disclosing a case which, if established, would entitle the defendant to a decree enjoining the further prosecution of the action, or directing that the title be conveyed to him. This equitable defence is therefore to be first considered, for according to its disposition, will the necessity exist for further proceedings in the action at law, in which the legal title of the parties will alone control. *Quinby* v. *Conlan*, 104 U. S. 420; *Estrada* v. *Murphy*, 19 Cal. 248 and 273; *Arguello* v. *Edinger*, 10 Cal. 150.

We do not think the claim of the defendant to the equitable relief he seeks can be sustained on the grounds stated in his answer or cross-complaint. To charge the holder of the legal title to land under a patent of the United States, as a trustee of another, and to compel him to transfer the title, the claimant must present such a case as will show that he himself was en-

titled to the patent from the Government, and that in consequence of erroneous rulings of the officers of the Land Department upon the law applicable to the facts found, it was refused to him. It is not sufficient to show that there may have been error in adjudging the title to the patentee. It must appear that by the law properly administered the title should have been awarded to the claimant. *Smelting Co.* v. *Kemp,* 104 U. S. 636, 647; *Boggs* v. *Merced Mining Co.,* 14 Cal. 279, 363. It is therefore immaterial for the decision of this case what our judgment may be upon the conclusions of those officers as to the possession of the patentee. It is plain that the defendant, Bohall, did not bring himself within the provisions of the pre-emption laws. Those laws are intended for the benefit of persons making a settlement upon the public lands, followed by residence and improvement and the erection of a dwelling thereon. This implies a residence both continuous and personal. No such continuous residence was shown on the part of Bohall. He was placed in possession of the premises under the judgment of the State court in May, 1868; and it was necessary to prove that he occupied them continuously after filing his declaratory statement. It was shown, however, that he resided elsewhere from July, 1869, to December, 1871, and from April, 1872, to August, 1874. Though he claimed the land for six years he and his family resided elsewhere during four of them, and no sufficient excuse for such residence was offered. It is only under special circumstances that residence away from the land is permissible. The settler may be excused for temporary absences caused by well founded apprehensions of violence, by sickness, by the presence of an epidemic, by judicial compulsion, or by engagement in the military or naval service. Except in such and like cases the requirement of a continuous residence on the part of the settler is imperative.

The alleged fraud of Dilla in obtaining possession under the alleged contract, if any such fraud existed, could have had no effect upon the defendant's residence after his restoration to the land in May, 1868.

As he could not maintain his equitable defence, the plaintiff was entitled to judgment upon his legal title as shown by his patent. *Judgment affirmed.*