### SAVAGE v. WORSHAM.

#### (Circuit Court, S. D. California.   April 1, 1895.)

PUBLIC LANDS—HOMESTEAD ENTRIES—BILL TO CONTROL TITLE.

    A bill seeking to control title to land patented to defendant under a homestead entry alleged that complainant, in the belief that the land in question was embraced in a homestead entry filed by him, made valuable improvements thereon long prior to defendant's homestead entry; but there was no allegation that complainant had made application to permit him, by reason of the mistake, to cancel his entry in whole or in part, and include therein the land in question. *Held*, that the bill could not be maintained, for it was not enough to show that defendant should not have received the patent, but it must be made to appear that the land should have been awarded to complainant, had the law been properly administered by the land department.

This was a bill in equity by William E. Savage against William G. Worsham, seeking to control title to certain lands.

William E. Savage, in pro. per.

Chapman & Hendrick, for defendant.

ROSS, Circuit Judge.   The complainant, by his bill, seeks to control the title to a certain portion of the S. W. ¼ of section 22 in township 2 S., of range 11 W. of the San Bernardino base and meridian, situated in Los Angeles county, Cal., which quarter section was conveyed to the defendant by a patent issued by the government pursuant to a homestead entry thereof made by him. The tract to which the complainant claims to be entitled is the S. E. ¼ of the S. W. ¼ of the section mentioned, concerning which the bill alleges that complainant, in the belief that it was a portion of the land embraced in a homestead entry which he had filed on the 23d of March, 1885, had made valuable and substantial improvements long prior to the time when the defendant made his homestead entry.   If it be conceded that the bill shows that the entry of the defendant was improperly allowed, and the quarter section, including the 40 acres in controversy, was improperly patented to the defendant by the government, still an insuperable objection to the bill, as presented, is that it does not show that the complainant is entitled to the 40-acre tract.   It shows that complainant believed that the 40-acre tract in controversy was included within his own homestead entry, but that, as a matter of fact, it was not.   It does not disclose any change in his homestead entry, nor any application on his part to the officers of the land department to permit him, by reason of his mistake, to cancel his entry, in whole or in part, and include therein the 40 acres in question.   Certainly, so long as his entry stood, he was not legally entitled to another homestead.   A seasonable application on his part to the officers of the land department to cancel his entry in part, and include therein the 40-acre tract in controversy, upon the ground that it had been inadvertently omitted therefrom, might have been granted, and, no doubt, would have been, in the event of a sufficient showing.   But, so far as the bill shows, no such application was made by the complainant.   Until

his own entry had been so changed as to admit of his acquiring the tract in dispute, he could not be injured by its wrongful disposal to another. Whether the court could award the complainant the relief he seeks, had the officers of the land department refused to permit him to so change his entry as to embrace the 40-acre tract in controversy, need not be determined, for there was no such refusal. Passing over the informalities of the bill, and the many averments of matters of evidence, the case made by it is wholly insufficient to entitle the complainant to a decree. It is not enough for complainant to show that the patentee ought not to have received the patent, but, to maintain his suit, it must be made to appear that the land in question should have been awarded to the complainant, had the law been properly administered by the land department. Bohall v. Dilla, 114 U. S. 47, 5 Sup. Ct. 782; Lee v. Johnston, 116 U. S. 48, 6 Sup. Ct. 249. Demurrer sustained, with leave to complainant to amend within 10 days, if he shall be so advised.