SAVAGE v. WORSHAM.

(Circuit Court, S. D. California. February 24, 1896.)

No. 580.

PUBLIC LANDS—CANCELLATION OF PATENT—INTEREST IN LAND.

Complainant filed a bill against the patentee of a tract of public land, seeking to have the patent declared void on the ground of frauds alleged to have been practiced by defendant on the land department in obtaining it, and to be himself declared entitled to the land by virtue of an alleged preference right under the act of congress of May 14, 1880 (1 Supp. Rev. St. 282), giving such right to one who has contested, paid the fees, and

procured the cancellation of a pre-emption, homestead, or timber-culture entry. Complainant's bill failed to show that he had ever contested defendant's entry. It showed affirmatively that defendant's entry had not been canceled, and it did not aver that any evidence of the frauds which were claimed to vitiate defendant's patent had ever been presented to the register or receiver of the land office. *Held*, that complainant had not shown any right to or interest in the land.

William E. Savage, in pro. per.

Chapman & Hendrick, for defendant.

WELLBORN, District Judge.    The property in controversy in this suit is the S. E. ¼ of the S. W. ¼ of section 22, township 2 S., range 11 W., San Bernardino meridian, and situated in Los Angeles county, Cal.   The defendant holds the legal title to said land, under a patent from the United States issued August 14, 1893; and the object of the suit is to charge him as a trustee of complainant, or, as indicated in the prayer of the bill, to declare said patent void on account of alleged mistakes of law and fact committed by the land department, and fraud and imposition alleged to have been practiced upon said department by the defendant.   Complainant derives his warrant for thus attacking defendant's title from a preference right of entry claimed by him under section 2 of the act of May 14, 1880 (section 2, Act 1880; 1 Supp. Rev. St. U. S. 282).   This section reads as follows:

"In all cases where any person has contested, paid the land office fees, and procured the cancellation of any pre-emption, homestead or timber-culture entry, he shall be notified, by the register of the land office of the district in which such land is situated, of such cancellation, and shall be allowed thirty days from the date of such notice to enter said lands, provided, that said register shall be entitled to a fee of one dollar for the giving of such notice, to be paid by the contestant, and not to be reported."

The rule is well settled that the court will not interfere with the title of a patentee of the United States unless the adverse claimant shows that, but for the error or fraud or imposition of which he complains, he would be entitled to the patent.   It is not enough to show that the patent should not have been issued to the patentee.   Lee v. Johnson, 116 U. S. 48–53, 6 Sup. Ct. 249; Bohall v. Dilla, 114 U. S. 47–51, 5 Sup. Ct. 782; Savage v. Worsham, 66 Fed. 852.   Assuming, without deciding, however, that a preference right of entry under the aforesaid act of 1880 is such an interest as will authorize an attack upon a patent obtained adversely thereto through fraud or mistake, the question arises, does the bill show that complainant has, or ever had, the preference right of entry which he claims?   To the acquisition by him of this right, three things are necessary:   First, he must have been a contestant of the defendant's homestead entry; second, he must have paid the land-office fees; and, third, he must have procured the cancellation of said entry (section 2, Act 1880, supra).   The bill fails to show either the first or third of these prerequisites.   With reference to the first, it is to be observed that the secretary of the interior on September 17, 1889, expressly held that the complainant was not a contestant, while, so far as concerns the third, the whole bill is framed on the theory, and directly avers, that the defendant's homestead entry was never canceled, but, on the contrary, ripened into a

patent. The complainant insists, however, that, but for mistakes of law and fact in the land department, and fraud practiced thereon by defendant, said homestead entry would have been canceled, and that complainant would thereby have become a successful contestant. Placing upon the allegations of the bill the most favorable construction for the complainant, all that can be claimed is that the defendant's final proof for the commutation of his homestead entry to cash entry was insufficient, in the matter of residence and cultivation, to entitle him to the commutation applied for. But there is not anywhere in the bill even a pretense that any such facts were ever shown to the register or receiver as would have justified the cancellation of the defendant's homestead entry. There is a wide distinction between the cancellation by the land department of a homestead entry, and a refusal by the same authority of an application by the settler for patent before the expiration of the homestead limit of five years. To justify the former action,—that is, cancellation of a homestead entry,—affirmative testimony must be adduced that the settler has changed his residence or abandoned the land for more than six months. Rev. St. § 2301. There is not the slightest allegation in the bill that such testimony was ever submitted to the land department. The most and all that the bill charges in this respect is that the defendant's final proof was not sufficient to authorize the commutation of his entry. It is true, the bill alleges that this final proof was willfully false, and that in point of fact the defendant did not reside on said land, or cultivate the same; but there is no averment, or even the semblance of an averment, that proof of either of these facts was ever made, or attempted to be made, by the complainant or any one else. So far as the disclosures of the bill go, they sustain, rather than antagonize, the ruling of the land department that the complainant was not a contestant, within the meaning of the second section of the act of 1880.

I am of opinion that the bill does not show that the complainant has, or ever had, any right to or interest in said land. This view of the case renders it unnecessary for me to pass upon the other grounds of demurrer urged in defendant's brief. Demurrer sustained, and 20 days allowed the complainant to amend, if he shall be so advised.