## DUNCAN v. NEWCOMER.

Where a homestead entry on government land was changed into a cash entry, which was suspended, and the proof of residence finally rejected, by the United States land department, necessitating the making of new proof thereafter, on which the patent issued, the land did not become taxable under state authority until the second proof was made, leaving nothing further to be done by the purchaser to perfect his equitable title and his right to a patent; and a sale of the land for taxes theretofore levied was void.

(Opinion filed Dec. 11, 1896.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action to try title. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*A. E. Hitchcock*, for appellant.

After cash entry upon which patent is subsequently issued land is subject to taxation, notwithstanding delays are had and

additional proceedings taken to complete the original entry.
Witherspoon v. Duncan, 4 Wall. 210; Wheeler v. Merriman, 15
N. W. 665; State v. Railroad, 21 Minn. 472.

*Horace Comfort,* for respondent.

As long as the United States had any interest in the land
and until respondent had fully complied with the law, so that
she would be entitled to a patent, the land was not subject to
taxation. Pitts v. Clay, 27 Fed. 635; Reynolds v. Plymouth
County, 55 Ia. 90; Bronson v. Kukuka, 3 Dillon (U. S. Cir.)
490.

HANEY, J. The purpose of this litigation is to determine
adverse claims to a quarter section of land in Beadle county.
Plaintiff is the original patentee of the United States. De-
fendant claims under a tax deed. If the land was not subject
to taxation when assessed, defendant has no interest therein,
and cannot require reimbursement for the sums paid for the
tax title, notwithstanding his deed is fair upon its face, and it
was recorded more than three years before this action was
commenced. This firmly established proposition is conceded
by appellant.

The land was sold October 5, 1886, for taxes assessed in
1885. The tax deed issued October 6, 1888. Plaintiff entered
the land as a government homestead in August, 1882, receiving
a patent, dated September 7, 1887, which was recorded in Bea-
dle county, December 19, 1889. She is still the owner unless
deprived thereof by detendant's tax title. At the trial defend-
ant introduced his deed, evidence showing when the action was
commenced, and read from plaintiffs deposition as follows: "I
obtained title to the land in question from the government. I
entered the land under the homestead law on or about the latter
part of August, 1882, and afterwards made proof for this land
before the register and receiver of the district land office, at
Huron, about the middle of September, 1883." In rebuttal the
plaintiff called as a witness James McDowell, who testified as

follows: "I am chief clerk in the United States land office, and as such chief clerk have custody of the records of the office of the register, and among the records is Tract Book, volume 12, giving the record of the northwest quarter of section 28, in township 112 north, of range 65 west of 5th P. M." (The plaintiff then offered in evidence said tract book, and from page 180, pertaining to the land in question, was read the following over the objection of the defendant: "Homestead entry No. 21,971 filed September 15th, 1882, by Rubie A. Duncan; cash entry No. 4,558 made September 29th, 1883, upon this homestead entry; cash entry suspended by commissioner, letter 'C,' July 28th, 1884; proof rejected, 'C,' October 21st, 1884; appealed to secretary; dismissed, 'C,' November 17th, 1885.") This is the letter inclosing the secretary's decision. ("Motion for review received December 10th, 1885; new proof made November 30, 1886.") The record before us being silent as to the grounds of defendant's objection, we must presume proper reasons were not assigned in the court below, and the evidence will be regarded as if received without objection.

The territorial legislature was expressly prohibited from passing any law interfering with the primal disposal of the soil and from imposing any tax upon property of the United States. Rev. St. U. S. 1874, § 1851. The same prohibition is in the enabling act and state constitution. Enabling Act, § 4; Const. Art. 11, § 5; Id. Art. 22. Like inhibitions upon the power of territories and states to tax land belonging to the United States have been frequent. It cannot be doubted that the provisions which speak of the exemption of property of the United States from taxation, in the various acts of congress admitting states into the union, are equivalent to each other; and that, like the other provision, which often accompanies them, that the state "shall not interfere with the primary disposal of the soil by the United States," they are but declaratory, and confer no new right or power upon the United States. Van Brocklin v. Tennessee, 117 U. S. 151, 6 Sup. Ct. 670. With respect to the pub-

lic domain, the constitution vests in congress the power of dis-
position, and of making all needful rules and regulations. That
power is subject to no limitations. Congress has the absolute
right to prescribe the times, the conditions, and the mode of
transferring this property or any part of it, and to designate
the persons to whom the transfer shall be made. No state or
territorial legislature can interfere with this right or embar-
rass its exercise; and to prevent the possibility of any at-
tempted interference with it, a provision has been usually in-
serted in the compacts by which new states have been admitted
into the union that such interference with the primal disposal
of the soil by the United States shall never be made. Gibson
v. Chouteau, 13 Wall. 92. At what period any portion of the
public domain becomes subject to territorial or state taxation is
a question to be determined by the federal courts. It was held
by the supreme court of the United States, in 1834, that after
entry, payment and issuance of a final certificate, under the
laws then in force, lands were taxable prior to the issuance of
patent. Carroll v. Safford, 3 How. 441. The purchaser had
complied with the law in all respects, and nothing remained to
be done except to issue the patent. The case was followed in
Witherspoon v. Duncan, wherein the following language is
used: "The contract is complete when the certificate of entry
is executed and delivered, and thereafter the land ceases to be
a part of the public domain." 4 Wall. 210. The entry was not
under the homestead law, and the court states that the claim
was finally approved on the original proofs. The true import
of the foregoing cases was declared in Railway Co. v. Prescott
wherein Mr. Justice MILLER says: "While we recognize the
doctrine, heretofore laid down by this court, that lands sold by
the United States may be taxed before they have parted with
the legal title by issuing a patent, it is to be understood as ap-
plicable to cases where the right to the patent is complete, and
the equitable title is fully vested in the party, without any
money to be paid, or any act to be done going to the founda-

tion of his right." 16 Wall. 603. The rule thus stated has been frequently affirmed. Railway v. McShane, 22 Wall. 444; Northern Pac. R. v. Traill County, 115 U. S. 600, 6 Sup. Ct. 201. It has often been adjudged by the same court that, as against the United States, no vested right is acquired until all the prerequisites for the acquisition of the title have been complied with. Shepley v. Cowan, 91 U. S. 350. The established doctrine may be thus stated: Public land can be taxed only when a patent has issued, or when the private proprietor has acquired a perfect equity. 1 Desty, Tax'n, 35.

Under the law in force when plaintiff acquired title to this land, she was, being a homestead settler thereon, permitted to pay for it with cash. In addition to making payment, she was required to prove her actual settlement, improvement, and cultivation for not less than six months preceding the date of proof. Her residence must have been actual and continuous for the prescribed period. Such proof was required to be made to the satisfaction of the register and receiver, whose decision, as in other cases, was subject to examination and review by the general land office and the interior department. Rev. St. U. S. §§ 453, 2301; Bohall v. Dilla, 114 U. S. 47, 5 Sup. Ct. 782; Vantongeren v. Heffernan, 5 Dak. 180, 38 N. W. 52; Cornelius v. Kessel, 128 U. S. 456, 9 Sup. Ct. 122. In the absence of any evidence to the contrary, this court will presume that the officers of the land department performed their duties properly, and that plaintiff did not comply with the prerequisites for the acquisition of title until the time her second proof was offered. Until then she did not have a perfect equity, and until that time her land was not subject to taxation. The judgment of the circuit court is affirmed.

FULLER, J. I concur in the result reached by my associates, but prefer to base my affirmance upon the ground that no title to the property in dispute ever passed, for the reason that the description of the land as shown in the various proceedings

culminating in a tax deed, is wholly insufficient to charge the owner with the notice required by statute and designed to guard the interests of the taxpayer.