# SMALL v. RAKESTRAW.

ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 133.  Argued January 18, 1905.—Decided January 30, 1905.

A homestead claimant in a contest in the Land Department admitted he
voted in a precinct in Montana other than that in which the land was
situated, and that he returned there only often enough to keep up a good
showing.  The Secretary of the Interior, after reviewing some of the
facts, "without passing upon any other question" laid down that a
residence for voting purposes elsewhere precluded claiming residence at
the same time on the land and decided against the claimant.

*Held* that the Secretary found as a fact, by implication, that the plaintiff
not only voted elsewhere, but resided elsewhere for voting, that as the
case presented no exceptional circumstances, this court was not war-
ranted in going behind these findings of fact and that the words "without
passing on any other question" could not be taken absolutely to limit
the ground of decision to the proposition of law but merely emphasized
one aspect of the facts dominant in the Secretary's mind.

THE facts are stated in the opinion.

*Mr. George A. King*, with whom *Mr. William B. King* and
*Mr. William E. Harvey* were on the brief, for plaintiff in error:

The action of the officers of the land office was not conclusive
and a court of equity may afford relief if proper cause is shown.
*Lindsey* v. *Hawes*, 2 Black, 554; *Johnson* v. *Towsley*, 13 Wall.
72; *Cornelius* v. *Kessel*, 128 U. S. 456; *Cunningham* v. *Ashley*,
14 How. 377; *Barnard's Heirs* v. *Ashley's Heirs*, 18 How. 43;
*Garland* v. *Wynn*, 20 How. 6; *Lytle* v. *Arkansas*, 22 How. 193;
*O'Brien* v. *Perry*, 1 Black, 132; *Minnesota* v. *Bachelder*, 1 Wall.
109; *Stark* v. *Starrs*, 6 Wall. 402, 419; *Silver* v. *Ladd*, 7 Wall.
219; *Monroe Cattle Company* v. *Becker*, 147 U. S. 47, 57;
*Thayer* v. *Spratt*, 189 U. S. 346; *Hodges* v. *Colcord*, 193 U. S. 192.

The facts found by the officers of the Land Department on
the testimony adduced to them did not warrant their decision

that Rakestraw was entitled to a patent and they should have decided in favor of Small.

For requirements as to residence see §§ 2290, 2291, 2297, Rev. Stat., and for departmental decisions as to residence showing that poverty and business excused absences, see *Clark* v. *Lawson*, 2 L. D. 149; *Foley* v. *Brasch*, 2 L. D. 155; *Re Dunlop*, 3 L. D. 545; *Kurtz* v. *Holt*, 4 L. D. 56; *Healy's Case*, 4 L. D. 80; *Nilson* v. *St. Paul &c. R. R.*, 6 L. D. 567; *Martel's Case*, 6 L. D. 566; *Platt* v. *Gordon*, 7 L. D. 249; *Wood's Case*, 7 L. D. 345; *Farringer's Case*, 7 L. D. 360; *Fuchser's Case*, 7 L. D. 467; *Alderson's Case*, 8 L. D. 517; *Edward's Case*, 8 L. D. 353; *Lutz' Case*, 9 L. D. 266; *Montgomery* v. *Curl*, 9 L. D. 57; *Smith's Case*, 9 L. D. 146; *Main's Case*, 12 L. D. 102; *Williams's Case*, 13 L. D. 42; *Logan* v. *Gunn*, 13 L. D. 113; *Paulsen* v. *Ellingwood*, 17 L. D. 1; *Tomlinson* v. *Soderlund*, 21 L. D. 155.

*Bohall* v. *Dilla*, 114 U. S. 47; *Lee* v. *Johnson*, 116 U. S. 48, are inapplicable to this case, and see *Silver* v. *Ladd*, 7 Wall. 219, 225.

Voting in another precinct is no bar, and the Secretary's decision in this respect is not correct in law. See Montana Election Statutes, §§ 1007, 1020; Compiled Stat. 923, 926; Laws of Montana, 1891, 67; *California* v. *Levoy*, 9 L. D. 139, 142; *Pratsch* v. *Dobbins*, 24 L. D. 426; *Edward's Case*, 8 L. D. 353. The voting was done prior to Rakestraw's pretended settlement and he cannot take advantage of it.

The entry of Rakestraw seems to have been of very much the character of that condemned by this court in *Atherton* v. *Fowler*, 96 U. S. 513, and see *Hosmer* v. *Wallace*, 97 U. S. 575; *Quinby* v. *Conlan*, 104 U. S. 420; *Del Monte Mining Company* v. *Last Chance Mining Company*, 171 U. S. 55, 82.

There was no appearance or brief filed for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a complaint by the plaintiff in error to charge the

defendant with a trust in respect of land which the latter holds under a patent from the United States. It alleges a homestead entry by the plaintiff, a contest by the defendant, a decision for the defendant by the local register and receiver, a reversal of this by the Commissioner of the Land Office, and a reversal of the latter decision and a cancelation of the plaintiff's entry by the Secretary of the Interior. The last order is set forth in full and the complaint goes on the ground that this order discloses a mistake of law on its face. The complaint was demurred to, the demurrer was sustained, and the suit dismissed. An appeal was taken to the Supreme Court of the State, which affirmed the judgment. 28 Montana, 413. The case then was brought here.

The material portion of the Secretary's decision is as follows:

"January 21, 1892, plaintiff [1] filed his affidavit of contest against the defendant's homestead entry charging that the entryman had failed to comply with the law as to residence. The testimony of Small, himself, is that he never voted in the precinct in which his homestead entry lies, but did vote at other points a long distance from his homestead at least twice during the time he claims he was seeking to maintain residence upon the land. He runs a carpenter shop in town, and, to use his own words, 'determined to return to the ranch only often enough to keep a good showing of habitation.' His excuse for that was that the plaintiff [1] threatened him with violence if he undertook to stay on the land.

"Without passing upon any other question it is enough to say that a residence for voting purposes in another precinct from the land, precludes an entryman from claiming residence at the same time, on the land for homestead purposes. *George T. Barnes,* 4 L. D. 62; *Hart* v. *McHugh,* 17 L. D. 176; *Edwards* v. *Ford and O'Connor,* decided June 18, 1894."

The plaintiff's case rests on the assumption that the words "without passing upon any other question," mean without

---

[1] Defendant in error in this court.

passing upon any other question than an absolute proposition of law, and that this proposition is that a vote in another precinct is fatal to a claim of residence. But the Secretary found, by implication, that the plaintiff not merely voted elsewhere, but resided elsewhere for voting. It was after this finding that he laid down the rule complained of. The case presents no exceptional circumstances which would warrant our going behind the finding of fact. *Bohall* v. *Dilla,* 114 U. S. 47; *Lee* v. *Johnson,* 116 U. S. 48, 51; *Stewart* v. *McHarry,* 159 U. S. 643, 650. The plaintiff admits that on one occasion after his entry he voted in a county other than that in which the land lies, so that it appears from the complaint that there was some evidence that his residence for voting was not in the latter county, and, as the Supreme Court of Montana remarks, it does not appear clearly that all the facts before the Secretary are those set forth. It is true that a vote in another county is only a circumstance to be considered, but when it leads to the conclusion of a voting residence elsewhere it leads to the conclusion of a residence elsewhere for all purposes by the very words of the Compiled Statutes of Montana on which the plaintiff relies. §§ 1007, 1020.

In view of what we have said it does not appear as matter of law that the Secretary's finding of voting residence was wrong, and it does not appear that his proposition, taken as a proposition of law, was wrong. But, further, the words, "without passing on any other question" cannot be taken absolutely to limit the ground of decision to the proposition of law. It hardly goes further than to emphasize one aspect of the facts as dominant in the Secretary's mind. He already had adopted the plaintiff's own words as establishing that the plaintiff's purpose was only to keep up a good showing. This goes to the general conclusion which the Secretary drew and shows that it was a conclusion, not from the plaintiff's voting residence merely, but from other facts.

*Judgment affirmed.*