(January 27, 1908.)

J. H. PIERSON, Appellant, v. THE STATE BOARD OF LAND COMMISSIONERS, Respondent.

[93 Pac. 775.]

LAND CONTESTS—APPEAL FROM DECISION OF LAND BOARD IN CONTEST CASE.

1. The statutes of this state do not authorize an appeal from the decision of the state board of land commissioners in a land contest case heard and determined by such board.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for the County of Twin Falls.   Hon. Edward A. Walters, Judge.

The plaintiffs herein brought a contest before the state board of land commissioners against the entry of Charles S.

Loveland made under the Carey act on the Twin Falls segregation. After notice of contest was issued by the board and service thereof, it seems that the contest was dismissed by the board without a hearing. The contestant thereupon attempted to take an appeal from the action of the state board of land commissioners to the district court in and for Twin Falls county, that being the county in which the land was situated. The board refused to send up any transcript or furnish any record of proceedings, and the contestant and appellant applied to the district court for a writ of mandate to compel the board to send up a transcript of the record. Notice of the application for a writ was served on the board and the attorney general appeared on behalf of the board and contested the application. After the hearing, the court made an order denying the writ on the grounds that an appeal does not lie from the action of the state board of land commissioners in such case. Plaintiff appealed from the order. *Affirmed.*

Shields & Ashton, for Appellant.

By sec. 24 of the act approved March 2, 1905, Sess. Laws, p. 131, the state board of land commissioners is constituted a tribunal to hear contests relating to Carey lands, and the decisions of the board given under that section are subject to appeal to the district court of the county in which the lands in question may be. The language of sec. 24, "And their decision shall be final until set aside by a court of competent jurisdiction," provides for an appeal.

The legislature has provided for an appeal from the state official who has control of the waters of the state (Sess. Laws, 1905, p. 360) ; should it not be presumed that an appeal would be allowed from the state officials who control the land of the state, and if there is a clause which seems to allow such an appeal, should it not be liberally construed?

"Statutes giving the right of appeal are always construed in the furtherance of justice, and such an interpretation as will work the forfeiture of such right is not to be favored."

(*Pearson v. Lovejoy*, 35 How. Pr. 193; *Houghton's Appeal*, 42 Cal. 35.)

The failure of the legislature to provide a procedure for appeal does not bar the appeal. (Sec. 3925, Rev. Stat.) "The power of courts to establish a system of procedure by means of which the parties may seek the exercise of their jurisdiction, at least when a system has not been established by legislative authority, is inherent." (*People v. Jordan*, 65 Cal. 650 (1884), 4 Pac. 683.)

The appellate jurisdiction of the district court is broad enough to cover appeals from the state board of land commissioners. (Const., art. V, sec. 20.)

J. J. Guheen, Attorney General, and Edwin Snow, for Respondent.

There being no law which enjoins the sending to the district court of these papers as a duty resulting from the office held by the members of the state land board, the writ of mandate should have been quashed, as the lower court decided.

No appeal is provided by law from the decisions of the board. "The right to appeal is statutory and unknown to the common law. It cannot be extended to cases not within the statute." (*General Custer Min. Co. v. Van Camp*, 2 Ida. 40, 3 Pac. 22; *Ohio & Miss. R. R. Co. v. Lawrence County*, 27 Ill. 50; 2 Cyc. 519.)

The jurisdiction of the state land board over these Carey act lands is analogous to the jurisdiction of the Department of the Interior over the public lands of the United States. "While a question is under the consideration and within the control of the land department the courts cannot take jurisdiction of the case by reason of their control of the parties concerned. . . . . In the same way there exists no power in the court by any of its processes such as the writ of injunction, *mandamus*, to act upon the land department officials so as to interfere with the exercise of their judgment while the matter is properly before them for action." (26 Am. & Eng. Ency. of Law, 385, 388; *Brown v. Hitchcock*, 173 U. S. 473, 19

Sup. Ct. 485, 43 L. ed. 772; *Cosmos Exploration Co. v. Oil Co.*, 190 U. S. 301, 23 Sup. Ct. 692, 24 Sup. Ct. 860, 47 L. ed. 1064; *Savage v. Worsham*, 104 Fed. 18; *Vantongeren v. Hefferman*, 5 Dak. 180, 38 N. W. 52; *St. Paul Ry. Co. v. Olsen,* 87 Minn. 117, 94 Am. St. Rep. 693, 91 N. W. 294; *Frink v. Thomas*, 20 Or. 265, 25 Pac. 717, 12 L. R. A. 239; *Robertson v. Land Board*, 42 Or. 183, 70 Pac. 614; *Corpe v. Brooks*, 8 Or. 222.)

AILSHIE C. J. (After stating the facts.)—The only question presented for our determination in this case is whether an appeal will lie from the decision of the state board of land commissioners on a land contest had before them. The state board of land commissioners is a constitutional body, organized and existing under and by virtue of the provisions of sec. 7, art. 9 of the constitution, which is as follows: "The Governor, Superintendent of Public Instruction, Secretary of State and Attorney General shall constitute the State Board of Land Commissioners, who shall have the direction, control and disposition of the public lands of the state, under such regulations as may be prescribed by law." To this board the constitution has assigned the "direction, control and disposition of the public lands of the state." In furtherance of the powers conferred by the constitution, the state legislature, by sec. 2 of the act of March 2, 1899 (Sess. Laws, 1899, p. 284), conferred upon the same board "the selection, management and disposal" of all lands received by the state under the grant from the general government commonly known as the Carey act. The statutes of the state prior to 1905 contained no provision for hearing contests over the right to purchase or enter state lands, but by act of March 2, 1905 (Sess. Laws, 1905, p. 131), the legislature created the office of register of the state board of land commissioners and provided for hearing contests, and by sec. 5 of the act requires the register to set a time for hearing evidence and taking testimony, and requires that after the hearing the register shall furnish "a full transcript of the proceedings to the state board of land commissioners who shall render a

decision in accordance therewith.'' Sec. 24 of the same act
is as follows: ''The state board of land commissioners may
hear and determine the claims of all persons who may claim
to be entitled, in whole or in part, to any lands owned by this
state, and the decision of said board shall be final until set
aside by a court of competent jurisdiction, and the board shall
have power to establish such rules and regulations as in their
opinion may be proper or necessary to prevent fraudulent
applications.'' Appellant rests his contention for the right
of appeal upon the grounds: 1. That it is the duty of the
board to hear and determine the contest upon the evidence
submitted; and, 2. That ''the decision of said board shall be
final until set aside by a court of competent jurisdiction.''

It must be conceded in the outset that ''the right of appeal
is statutory and unknown to the common law; it cannot be
extended to cases not within the statute.'' (*General Custer
Min. Co. v. Van Camp*, 2 Ida. 40, 3 Pac. 22.) In the case
at bar, if any right of appeal exists, it must be found in the
statute. This latter proposition, we think, narrows itself down
to the question as to whether that authority is to be found
in sec. 24 of the act of March, 1905 (Sess. Laws, 1905, p. 142).
Sec. 5 of the act provides that the practice and procedure in
contest cases shall be the same as that established by the
United States in the district land office, and the whole tenor
of the act indicates that the legislature intended to provide
a similar mode and method for contests over state land and
for state purposes · to that established by the general gov-
ernment for contests over government lands. Under similar
legislation in other states a like view has been entertained
by the courts. (*Corpe v. Brooks*, 8 Or. 222; *Routt v. Green-
wood Cemetery Land Co.*, 18 Colo. 132, 31 Pac. 858.) The
United States supreme court has repeatedly held that the
decisions of the land department of the government are final
and conclusive as to all facts found in a case, and that they
would only be reviewed as to errors of law or on account of
fraud. (*Johnson v. Towsley*, 13 Wall. 72, 20 L. ed. 485;
*Burfenning v. Chicago etc. R. Co.*, 163 U. S. 321, 16 Sup. Ct.
1018, 41 L. ed. 175; *Gonzales v. French*, 164 U. S. 342, 17

Sup. Ct. 102, 41 L. ed. 460; 7 Notes on U. S. Reports, 618.) In other words, that where the land department had misapplied the law to the facts found, or in cases of fraud, the court would furnish relief. We think the legislature had a similar purpose in view when they said, "The decision of said board shall be final until set aside by a court of competent jurisdiction." This language indicates the idea of a review of questions of law rather than questions of fact. If the board should refuse to act, a contestant has an adequate remedy to compel them to act. If they should act in a matter without jurisdiction, there is a remedy; if they misapply the law to the facts found, or in case of fraud, there is a remedy; but those remedies are not by appeal. The fact that the legislature never provided any procedure to be followed or designated any court to which the appeal could be taken, is further indicative of an absence of intention to grant the right of appeal. Of course, if the legislature had in direct terms authorized an appeal, and designated the court to which such appeal might be taken, the court would assume jurisdiction and prescribe the procedure to be followed. Such, however, is not the case here. We are satisfied that the order and judgment of the trial court was correct and it is hereby affirmed. Costs awarded in favor of respondent.

Sullivan, J., and Stewart, J., concur.