(May 27, 1909.)

## J. H. PIERSON, Appellant, v. C. S. LOVELAND et al., Respondents.

[102 Pac. 340.]

Public Lands—Patentee as Trustee—Allegations of Complaint—Cause of Action—Acts to be Performed—Resulting Trust—Legal Title.

1. Where the plaintiff seeks to have the patentee of lands declared to hold the title in trust, the complaint should allege facts sufficient to show that the plaintiff's right to the title should have been respected by the officers of the land department, and if respected would have given him the patent.

2. Facts sufficient must be alleged to show that the claimant was entitled to the patent, and that in consequence of an erroneous ruling of the land department on questions of law the patent was denied to him, from which ruling the claimant had no appeal or other legal remedy.

3. The allegations must show that the claimant has done all of the acts required by law to be done by him in order to entitle him to the patent, or has done all of such acts which were in his power to do.

4. Where one offers to contest an entry made under what is known as the Carey land act, before the state board of land commissioners, and said board refuses to hear the contest for the reason that such board has extended the time in which the law requires the entryman to make improvement and irrigation of the land so entered, the contestant may by writ of mandate compel the board to hear the contest.

5. The state board of land commissioners has no power or authority under the law to extend the time to an entryman in which to place the required improvements upon and irrigate the land entered by him.

6. Where the state board of land commissioners, through an error of law, dismisses a contest, the contestant has his remedy by proceeding for a writ of mandate to compel the board to hear such contest.

7. In order to hold the patentee as trustee, the plaintiff must allege the performance of all acts required by law to entitle him to a patent, and if he is prevented from performing any of such acts by reason of an error of law committed by the land board, he must allege and show that he was ready, willing and able to perform such acts, and would have done so had he not been prevented by such erroneous ruling of the board.

8. *Held,* that the complaint fails to state a cause of action in that it fails to allege that the plaintiff performed, or offered to perform, all of the acts required by law to be performed by him in order to entitle him to the patent, or that he was prevented from performing such acts by an error of law committed by said board.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Edward A. Walters, Judge.

Action to have holder of legal title to land declared trustee. Demurrer to complaint sustained. *Affirmed.*

Shields & Ashton, and Wm. B. Davidson, for Appellant.

The statute makes the cultivation of one-sixteenth part of the land within one year after notice mandatory and the same could not be excused by the state land board or any of its agents. (Lewis' Sutherland Stat. Const., sec. 633.)

"When the word 'shall' is used in a statute, and a right or benefit to anyone depends upon giving it an imperative construction, then that word is to be regarded as peremptory." (*O'Rear v. Crum,* 135 Ill. 294, 25 N. E. 1097; *City of Madison v. Daley,* 58 Fed. 751; *Wheeler v. City of. Chicago,* 24 Ill. 105, 76 Am. Dec. 736; *State v. Farney,* 36 Neb. 537, 54 N. W. 862.)

"When fraud or mistake or misconstruction of the law of the case exists, the United States or any contesting claimant for the land may have appropriate relief in a court of equity." (*Moore v. Robbins,* 96 U. S. 530, 24 L. ed. 848.)

"If the officers of the land department mistake the law applicable to the facts, or misconstrue the statutes and issue a patent to one not entitled to it, the party wronged can resort to a court of equity to correct the mistake and compel a transfer of the legal title to him as the true owner." (*Lee v. Johnson,* 116 U. S. 48, 6 Sup. Ct. 249, 29 L. ed. 570.)

Sweeley & Sweeley, for Respondents.

"To charge the holder of the legal title to land under a patent of the United States as trustee of another, and to

compel him to transfer the title, the claimant must present such a case as will show that he was entitled to the patent from the government, and that in consequence of erroneous rulings of the officers of the land department upon the law applicable to the facts found, it was refused to him." (*Bohall v. Dilla,* 114 U. S. 47, 5 Sup. Ct. 782, 29 L. ed. 61; *Sparks v. Pierce,* 115 U. S. 408, 6 Sup. Ct. 105, 29 L. ed. 428; *Lee v. Johnson,* 116 U. S. 48, 6 Sup. Ct. 249, 29 L. ed. 570; *St. Louis Smelting etc. Co. v. Kemp,* 104 U. S. 636, 26 L. ed. 875, 879; *Quinn v. Chapman,* 111 U. S. 445, 4 Sup. Ct. 508, 28 L. ed. 476; *Hosmer v. Wallace,* 47 Cal. 471; *Boggs v. Merced Mining Co.,* 14 Cal. 279; *Burrell v. Haw,* 40 Cal. 373; *Sacramento Sav. Bank v. Hynes,* 50 Cal. 195; *Small v. Rakestraw,* 28 Mont. 413, 104 Am. St. 691, 72 Pac. 746; *Parker v. Lynch,* 7 Okl. 631, 56 Pac. 1082; *Baldwin v. Keith,* 13 Okl. 624, 75 Pac. 1124.)

SULLIVAN, C. J.—This is an action brought by the appellant as plaintiff, for the purpose of impressing the title to certain lands with a trust and to obtain a decree that defendants, who are respondents here, be held to hold such title in trust for the appellant, and that they be compelled to execute such trust and the title to said land be quieted in the appellant as against said respondents. It appears that a second amended complaint was filed by leave of court and will be hereafter referred to as the complaint. A general demurrer to the complaint was filed and sustained by the court. As all of the material allegations of the complaint were admitted to be true by the demurrer, we shall state quite fully the allegations contained therein.

It is alleged that on or about October 12, 1900, the Twin Falls Land and Water Company, a corporation, made application to the state board of land commissioners of this state, for the selection of certain lands lying in Cassia county, now Twin Falls county, to be segregated for reclamation under the provisions of an act of Congress of August 18, 1894, known as the "Carey act" (28 U. S. Stats. at Large, 422, U. S. Comp. St. 1901, p. 1554), making a conditional grant of certain lands in the arid land states classi-

fied as desert lands under the national desert land act (19 Stats. at Large, 377, U. S. Comp. St. 1901, p. 1548), to be patented to the several states under certain conditions made precedent thereto, which said act had theretofore been accepted by the legislature of the state of Idaho by the act of 1899 (Sess. Laws 1899, p. 284); that thereafter the said state board of land commissioners made application for the segregation of said lands, which application was thereafter approved by the Secretary of the Interior, and such segregation made; that thereafter on January 2, 1903, a contract was entered into between the state of Idaho and said corporation, providing the terms and conditions upon which said corporation should construct the necessary irrigation works and reclaim said lands, and the price for which it should sell water rights for such lands; that on January 12, 1905, the respondent C. S. Loveland made entry No. 827 of lands so segregated and to be reclaimed, said entry being the lands in controversy herein; that notice that the Twin Falls Land and Water Company had built and constructed all necessary irrigation works and was prepared to furnish water for the irrigation of the lands in controversy was given to the said respondent C. S. Loveland on June 15, 1905; that on July 23, 1906, the appellant herein was a citizen of the United States over the age of twenty-one years, and duly qualified under the laws of the state of Idaho to make an entry of lands under the Carey act, as accepted by the state of Idaho, and was possessed of all the qualifications necessary to make an entry of lands under the segregation made for the said Twin Falls Land and Water Company; that on July 23, 1906, the appellant visited the land entered by said respondent Loveland, and found, upon examination, ·that said respondent Loveland had failed to make any cultivation of any portion of said entry, and had failed to make any improvements thereon, or reclamation thereof; that at that time more than one year had elapsed since said Twin Falls Land and Water Company gave notice that it was prepared to furnish water for said land; that thereupon the said appellant, on July 23, 1906, filed in the office of the state board of land commissioners his affidavit of contest against said entry, and

that notice of contest was thereupon issued by the register of the state board of land commissioners and served upon the respondent Loveland; that thereafter the duly qualified register of said state board of land commissioners rejected said contest on the ground that C. D. Thomas of Twin Falls had informed him that said Loveland had been given an extension of time for residence and improvements until October 1, 1906; that appellant, as contestant, appeared at the time and place set for hearing said contest and after due notice of contest had been served upon said respondent Loveland, and offered to submit proof to substantiate the allegations of his affidavit of contest, and the board refused to take cognizance of the same, and refused to hear any evidence thereon; that thereafter appellant attempted to perfect an appeal from the decision of the state board of land commissioners, but that said appeal has been finally disposed of, and that it had been held by the supreme court of the state that an appeal would not lie from the decision of such board (see *Pierson v. Land Commrs.*, 14 Ida. 159, 93 Pac. 775); that on or about July 23, 1906, the appellant entered upon the said land embraced in said entry and erected a dwelling-house thereon, and continuously remained in possession of said land and resided thereon from July 23, 1906, until March 25, 1907, at which time respondent Gabriel H. Diehl forcibly ejected appellant from said land; that between July 23, 1906, and August 25, 1906, appellant cleared more than five acres of said land from sagebrush and cultivated the land so cleared, and prepared same for seeding a crop thereon; that on August 25, 1906, appellant applied to the Twin Falls Land and Water Company to purchase a water right for said land and tendered said corporation $120 gold coin of the United States, the amount of the first payment on a water right for forty acres, according to the terms of the contract between said company and the state of Idaho; that said water company refused to sell plaintiff a water right and refused to deliver water for the irrigation of said land; that on February 25, 1907, respondent Loveland assigned the entry in controversy to the respondent Diehl, and that at the time of said attempted and pretended assignment,

appellant actually resided upon said land and had at such time cleared and cultivated more than one-eighth of said entry and had the same prepared for planting a crop thereon; that the assignment from respondent Loveland to respondent Diehl was without consideration, and for the purpose of fraudulently acquiring title for said respondent Loveland; that at the time of said attempted and pretended assignment, respondent Loveland had failed to make any improvements on said land and had failed to cultivate and reclaim any part thereof; that respondent Diehl made final proof on said entry on June 1, 1907, and that said proof was approved by the state board of land commissioners on June 9, 1907; that appellant, at the time of offering said proof, filed his written protest with the state board of land commissioners against the issuance of patent to said respondent Diehl, alleging the knowledge of said board that the said land had not been cultivated nor reclaimed as required by law, and knowledge that appellant claimed the same; that respondent Diehl conveyed said land to respondent Page on June 22, 1907, and that the state of Idaho issued patent therefor to respondent Diehl on March 15, 1908; that the state board of land commissioners committed errors of law in refusing to hear appellant's evidence on said contest; in holding that said respondent Loveland had been granted an extension of time for cultivation and reclamation of said land; in permitting and allowing assignment of entry from respondent Loveland to respondent Diehl and issuing patent to him for said land; in failing to sustain appellant's contest and allowing appellant to enter said land. Appellant also offered by his complaint to pay respondents, or either of them, on order of court, the amount by them paid out for water rights and fees to the state and money expended for improvements on said land.

This appeal is from the judgment and the question for determination is: Does the complaint state a cause of action? It is well settled that in an action of this kind, to entitle a party to relief he must show a better right to the land than the patentee, such a right as should have been respected by the officers of the land department, and being

respected would have given him the patent. Facts suffi-
cient must be alleged to show that the claimant was entitled
to the patent, and that in consequence of erroneous rulings
of the land officers on questions of law, the patent was de-
nied to him. It must contain allegations showing that the
plaintiff has done all of the acts required by law to be done
and performed in order to entitle him to the patent, or at
least all of the acts which were in his power to do that were
required by the law to be done, and offered to do any and
all acts required by the law to be done which he was pre-
vented from doing by reason of the errors of law committed
by the officers of the land department. It is admitted that
the plaintiff was prevented from a hearing on his contest
because of an error of law committed by the state board of
land commissioners. It appears that said board dismissed
his contest and refused to hear evidence offered by him, on
the ground and for the reason that said board had extended
the time which the defendant Loveland had under the law to
make the required improvement and irrigation of said land.
Under the law the board had no authority whatever to extend
such time.

The act of the Idaho legislature which accepted the pro-
visions of the Carey land act (Sess. Laws 1899, p. 282) pro-
vides in detail for the selection, management and disposal
of said lands, and provides the duties of the state board of
land commissioners in connection therewith. Sec. 17 of
said act provides the qualifications of the persons who may
make entry of such lands and of the acts required to be
done before the entryman shall be entitled to a patent for
the lands entered by him. Sec. 19 provides that in one year
after a person, association or incorporated company, author-
ized to construct irrigation works under the provisions of
said act, shall have notified the settlers under such work that
they are prepared to furnish water under the terms of the
contract with the state, that the settler shall cultivate and
reclaim not less than one-sixteenth part of the land filed
upon; and within two years after said notice, the settler
shall have actually irrigated and cultivated not less than
one-eighth of the land filed upon; and within three years

from the date of said notice, the settler must appear before the proper officer and make final proof of reclamation, settlement and occupation. The provisions of that section in regard to cultivation and reclamation are· mandatory and the entryman must comply with those provisions in regard to cultivation and reclamation of such lands. Sec. 22 of said act provides, among other things, as follows: "The board shall provide suitable rules for the filing of proposals for constructing irrigation works, and for the entry of and payment for the land by settlers, and for the forfeiting of entry by settlers upon failure to comply with the provisions of this act." Under the provisions of that section, the board is given power, among other things, to make rules for the entry of and payment for the land by settlers and also for forfeiting the entry upon failure of the entryman to comply with the provisions of that act. Said board has no authority whatever, under the provisions of said act, to make a rule for extending the time which the settler is given, under its provisions, to cultivate and reclaim the portions of the land filed upon required to be cultivated and reclaimed by sec. 19 of said act. The board are authorized to make certain rules and regulations in conformity with the provisions of said act, but are not authorized to make any rules and regulations that conflict with the provisions of said act. They have no authority to set aside the positive provisions of that law by any rule of their own creation. The law provides that the settler within one year after notice from the water company that it is prepared to furnish water under the terms of its contract with the state, as follows: "That the settler shall cultivate and reclaim not less than one-sixteenth part of the land filed upon, and within two years after said notice, not less than one-eighth of the land, and within three years from the date of said notice, the settler must appear before the proper officer and make final proof of reclamation, settlement and occupation." The board is not authorized by said act, and it has no power, to make a rule extending the time to the settler for cultivation and reclamation as required by said act.

After the plaintiff's contest was dismissed by said board, he took an appeal from that action of the board to the district court and from the judgment in that court to this court, and the appeal was dismissed on the ground that there was no appeal from the action of said board dismissing said contest. In that appeal the plaintiff pursued the wrong remedy. Had the plaintiff applied to the proper court for a writ of mandate to compel said land board to hear said contest, it would have been granted. It appears from the record that the land board's defense to that proceeding would have been that said board was justified in dismissing said contest, for the reason that the time for complying with the law in regard to the improvement and irrigation of said land had been extended to the defendant Loveland by said board. This would have been no defense whatever to the application for a writ of mandate, and the court in such a proceeding would have granted the writ and compelled said land board to reinstate and hear said contest. Had the plaintiff proceeded in that way, his rights could have been fully protected. As he failed to do that, he has failed to do all that he might have done to protect his rights. Had he proceeded as above indicated, the entry of Loveland would no doubt have been canceled and the plaintiff then could have compelled the water company to execute a contract with him for water to irrigate said land, and could then have made his entry of the land. He not only failed and neglected to proceed as above indicated, but his counsel admit that he failed to procure a water right and failed to offer final proof for said land. As he neglected and failed to do and perform those things, he is not in a position to maintain this action, for under the well-settled rule of law in this class of cases, the plaintiff must allege the performance of all of the acts required by law necessary to show that he was entitled to the patent at the time the action was commenced, with the exception of those acts which he was prevented from performing or offering to perform by reason of the error of law committed by said board.

In *Bohall v. Dilla*, 114 U. S. 47, 5 Sup. Ct. 782, 29 L. ed. 61, the court had under consideration a case something like the one at bar, and said:

"To charge the holder of the legal title to land under a patent of the United States, as a trustee of another, and to compel him to transfer the title, the claimant must present such a case as will show that he himself was entitled to the patent from the government, and that, in consequence of erroneous rulings of the officers of the land department upon the law applicable to the facts found, it was refused to him. It is not sufficient to show that there may have been error in adjudging the title to the patentee. It must appear that by the law properly administered the title should have been awarded to the claimant."

Even if the state board had not made an error of law, it does not appear from the allegations of the complaint that the appellant would have been entitled to receive a patent for said land at the time patent was issued to Diehl, he not having complied with the part of the law requiring him to present his final proof showing certain facts, and showing that if he had not complied fully with the law, his reason for noncompliance was the errors in law committed by the board in granting said extension of time.

The case of *Sparks v. Pierce*, 115 U. S. 413, 6 Sup. Ct. 105, 29 L. ed. 428, involved the question of relief in equity against a patent issued by the United States, and the court there held as follows:

"To entitle a party to relief against a patent of the government, he must show a better right to the land than the patentee, such as in law should have been respected by the officers of the land department, and being respected would have given him the patent. It is not sufficient to show that the patentee ought not to have received the patent. It must affirmatively appear that the claimant was entitled to it, and that, in consequence of erroneous rulings of those officers on the facts existing, it was denied to him."

In support of that rule the court cites *Bohall v. Dilla*, 114 U. S. 47, 5 Sup. Ct. 782, 29 L. ed. 61. See, also, *Quinn v.*

*Chapman,* 111 U. S. 448, 4 Sup. Ct. 508, 28 L. ed. 476; *Lee v. Johnson,* 116 U. S. 53, 6 Sup. Ct. 249, 29 L. ed. 570; *Cunningham v. Ashley,* 14 How. 375, 14 L. ed. 462; *Parker v. Lynch,* 7 Okl. 631, 56 Pac. 1082; *Baldwin v. Keith,* 13 Okl. 624, 75 Pac. 1124; *Jameson v. James,* 155 Cal. 275, 100 Pac. 700.

Counsel for appellant cites *Cunningham v. Ashley, supra,* in support of his contention. In that case the court said: "Having done everything which was in his power to do, the law required nothing more," and it was held that the complainant made out a sufficient case to entitle him to recover. But as above shown in the case at bar, the plaintiff failed to allege that he had done or offered to perform certain things that the law required him to do, and for that reason the last cited case does not support appellant's contention.

We recognize the rule that the law does not require anyone to do a thing which will be vain and fruitless. (Broom's Legal Maxims, pp. 184, 192; Hughes' Technology of Law, pp. 108, 116.) That rule, however, is not applicable to this case, for as we have already held, the appellant had a remedy to compel the board to hear his' contest, and if after hearing the contest, the board had made an error of law that would have made it absolutely impossible for the appellant to do and perform the things required by law, it might then have been vain and fruitless for him to have offered to perform them.

The judgment is affirmed, with costs in favor of respondents.

Stewart and Ailshie, JJ., concur.