## DULUTH AND IRON RANGE RAILROAD COM-PANY v. ROY.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 221. Submitted March 10, 1899. — Decided April 3, 1899.

When a patent of public lands is obtained by inadvertence and mistake, to the injury of a person who had previously initiated the steps required by law to obtain possession and ownership of such land, the courts, in a proper proceeding, will divest or control the title thereby acquired, either by compelling a conveyance to such person, or by quieting his title.

The claimant against the patent must so far bring himself within the laws as to entitle him, if not obstructed or prevented, to complete his claim.

*Ard* v. *Brandon*, 156 U. S. 537, is decisive of this case.

THIS is an action to quiet title to the northwest quarter of section number three, in township number sixty-one, north of range number fifteen west of the fourth P. M., State of Minnesota.

It was brought in the district court of the eleventh judicial district of the State against the plaintiff in error and one John Megins. One Moses D. Kenyon was afterwards made a party.

The pleadings consisted of the complaint, separate answers of the defendants and replies of the plaintiff, (defendant in error,) which respectively set up the titles, interests and claims of the parties. As there is no point made on them, they are omitted.

The case was tried by the court without a jury and full findings of fact made, and judgment rendered in favor of the plaintiff, (defendant in error,) adjudging and decreeing him to be the equitable owner of the lands in controversy, and that the defendants "and all persons claiming by or through or under them be and they are hereby forever barred and precluded from having or claiming any right, title, lien or interest in or to the said lands or any part thereof adverse to the plaintiff and parties claiming under him."

From this judgment an appeal was taken to the Supreme Court, by which it was affirmed. 72 N. W. Rep. 794.

To the judgment of affirmance this writ of error is directed.

The findings of the court established the following:

The lands were patented to the State of Minnesota by the United States as swamp and overflowed lands, and the plaintiff in error is the grantee of the State. The defendant in error claims under the homestead laws. At the time of the passage of the act of 1860, under which the patent was issued, the lands were not swamp, wet or overflowed, or unfit for cultivation, but were and now are "high, dry and fit for cultivation," except four or five acres in the northwest corner. In May, 1883, the defendant in error, then being qualified to do so, settled upon the lands with the *bona fide* intention of acquiring the same under the laws of the United States, established his residence thereon, and has ever since continued to be in the actual, exclusive and notorious possession, maintaining his home there, and cultivating and improving the same. When defendant in error commenced his residence on the lands the plat of the survey of the township in which they were located had not been filed, but was filed subsequently, and after it was filed, to wit, on the 2d of July, 1883, he went to the land office with the intention of entering the lands under the homestead laws, and made a request to do so, but the land officers informed him that there was a mistake in the survey, and that in all probability a new survey would be ordered; that numerous protests had been made against the survey which were sufficient to raise the question of its accuracy; that it was unnecessary for him to protest or file on the land, and advised him to wait until such protests were determined.

He was a foreigner, did not know the English language, nor was he familiar with the laws, rules and regulations relating to the disposition of the public lands, and relied upon the representations of the officers, and acted upon their advice.

On the 5th of August, 1884, he discovered that the State was claiming the lands as swamp lands; thereupon he duly made application to enter the same under the homestead laws, and tendered the fees to the local land officer. No adverse claim other than that of the State had arisen or was made to said lands, but his offer of entry was rejected on the ground

that the same had inured to the State under the act of March 12, 1860, and that his application to enter the lands had not been made within three months after the filing of the township plat in the land office.

On the 6th of August, 1884, he duly filed contest, duly appealed from the rejection of his claim, which appeal and the affidavits attached were transmitted to the commissioner of the General Land Office, and were by him received and filed September 1, 1884.

On the 23d of January, 1885, and while the appeal and contest were pending, the lands, through mistake and inadvertence, were patented to the State of Minnesota. The defendants took conveyance of the lands with notice of the right, claim and interest of the plaintiff (defendant in error).

The assignments of error attack the conclusions of the state courts as erroneous, and specify as reasons (*a*) that the legal title to the lands was in plaintiff in error, and that there was no finding that there was a mistake of law or fraud on the part of the General Land Office of the United States or of any officers of the United States; (*b*) the finding that the patent to the State of Minnesota was issued through a mistake or inadvertence does not constitute a ground for adjudging defendant in error the equitable owner of the lands; (*c*) the defendant in error is not the real party in interest and never had the legal or equitable title to the land, the United States being the only party which could attack the patent to the State of Minnesota or invoke the action of the courts to determine its validity.

*Mr. J. M. Wilson* for plaintiff in error.

*Mr. J. M. Vale* and *Mr. John Brennan* for defendant in error.

Mr. Justice McKenna, after stating the facts, delivered the opinion of the court.

Do the facts entitle the defendant in error to the relief which was awarded him by the state courts?

It is now too well established to need argument to support or a citation of authorities, that when a patent is obtained from the United States by fraud, mistake or imposition, the question thence arising becomes one of private right, and the courts in a proper proceeding and in execution of justice will divest or control the title, thereby acquired either by compelling a conveyance to the plaintiff or by quieting his title as against the defendants, and enjoining them from asserting theirs. And in two late cases, *Germania Iron Co.* v. *United States*, 165 U. S. 379; *Williams* v. *United States*, 138 U. S. 514, it was decided that this power extends to cases in which the patent was issued by inadvertence and mistake, the grounds relied on in the case at bar.

The plaintiff in error, however, contends that defendant in error cannot invoke this doctrine because he is not in privity with the United States; that he has not proved or offered to prove or established, or even alleged in this case, the ultimate facts upon which alone his claim could be recognized or its validity established. In other words, that he has not made or has not offered to make final proof.

This contention is attempted to be supported by the principles announced in *Bohall* v. *Dilla*, 114 U. S. 47; *Sparks* v. *Pierce*, 115 U. S. 408; *Lee* v. *Johnson*, 116 U. S. 48. The principles are that to enable one to attack a patent from the Government he must show that he himself was entitled to it. It is not sufficient for him to show that there may have been error in adjudging the title to the patentee. He must show that by the law properly administered the title should have been awarded to him.

We do not question these principles, but they only mean that the claimant against the patent must so far bring himself within the laws as to entitle him, if not obstructed or prevented, to complete his claim. It does not mean that at the moment of time the patent issued it should have been awarded to him. The acts performed by him may or may not have reached that completeness; may not have reached it, and yet justify relief, as in *Ard* v. *Brandon*, 156 U. S. 537, and in *Morrison* v. *Stalnaker*, 104 U. S. 213. And because of the well-estab-

lished principle that where an individual in the prosecution of a right has done that which the law requires him to do, and he has failed to attain his right by the misconduct or neglect of a public officer, the law will protect him. *Lytle* v. *Arkansas,* 9 How. 314.

It would be arbitrary to apply the principle to some acts and not to others — might destroy it utterly to require the performance of all. But we are indisposed to extend the argument, because we regard *Ard* v. *Brandon* as decisive.

In that case the claimant against the patent, being qualified and entitled, offered to make final proof, and from the denial of the offer prosecuted appeals successively to the Commissioner of the General Land Office and the Secretary of the Interior, and each decided against him. In this case defendant in error, also being qualified and entitled, offered to enter the land, which offer was denied, and against the claim of the State of Minnesota he instituted a contest, which was pending in the General Land Office, when the patent was issued by inadvertence and mistake, and his right thereby defeated. We do not regard this difference in the cases substantial.

But it is urged defendant in error may not be able to make final proof, and that the Land Department, whose jurisdiction is exclusive, may determine the lands not to be swamp or overflowed. Neither supposition can be indulged. The findings by the court show full qualification in the defendant in error and we cannot presume that the Land Department will find against the fact, which the state courts have found, that the lands " were not, at the time of the passage of the act of March 12, 1860, nor were they ever nor are they now, swamp, wet or overflowed, or unfit for cultivation."

In *Ard* v. *Brandon* relief was adjudged against title derived under patents — one from the State of land certified to it by the United States and one directly from the United States. Equally is the defendant in error entitled to relief against the title claimed by plaintiff in error.

*Judgment affirmed.*