light on the question presented for decision, which is: Did the executors exact the agreement, and did the surviving partners agree to pay the 40 per cent. of the profits as part consideration for the good will? The agreement negatives any such inference, and the evidence does not impeach it. It shows the ordinary agreement for interest on capital invested as distinguished from loaned and for a show of profits in proportion to the amount of capital contributed.

The learned counsel for the appellant contends that the life tenant, who in the first instance receives all of the income, is incompetent to act as trustee. If this were so, its effect upon the decision under review is not stated. Assuming the trustee to be incompetent as claimed, that would not invalidate the trust. There has been no motion to remove the trustee, or to have a substituted trustee appointed. If the theory be that it renders the agreement with the surviving partners void, we are unable to agree with that view. In any event, the other executor was competent to make the agreement, and the mere fact that the life tenant joined in it would not invalidate it. Moreover, the testator expressly authorized her to act in the premises. With knowledge that she might have an interest adverse to that of the remaindermen, he vested discretion in her to act with her coexecutor; and, until enjoined or removed, she is competent to act. It may well be that he fixed the prices to be charged the surviving partner for the good will, in order that she might have no interest adverse to the interests of the remaindermen. She is not trustee and beneficiary of the same interest. She, with her coexecutor, held the legal title to the $75,000, the same as to the rest of the estate, in trust to invest and preserve for the remaindermen. Income while in the hands of her coexecutor would be held in trust for her, but upon reaching her hands from any source the trust with respect thereto ceased, and it became her individual property, subject only to the obligation to apply it in part toward the support of her daughter.

It follows that the judgment should be affirmed, with costs. All concur.

---

## LALLY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. QUIETING TITLE—PROCEEDINGS—STATE PATENT AS CLOUD.

Though, where evidence dehors letters patent for land is required to show the invalidity thereof, the patent can be avoided only by a direct proceeding by the state to review the action of the Commissioners of the Land Office, or by action in equity to vacate the patent, yet an individual may bring an action in equity to remove from her title a cloud consisting of a patent from the state.

2. SAME.

Code Civ. Proc. § 1957, empowering the Attorney General to bring actions to vacate or annul letters patent granted by the state, is not prohibitive of an action by an individual to remove, as a cloud on her title, a patent from the state.

3. SAME.

A patent to lands obtained from the state may create a cloud on the title to the land.

4. SAME—PROCEEDINGS—NECESSARY PARTIES—PATENTEE.
   In an action to remove from the title to land a cloud consisting of a patent issued by the state, the patentee is a necessary party defendant.

5. SAME—ACTION IN PERSONAM.
   An action to remove a cloud from the title to land is an action in personam.

Appeal from Special Term, Westchester County.

Action by Lavinia Lally against the New York Central & Hudson River Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, WOODWARD, and GAYNOR, JJ.

Lavinia Lally, for appellant.

Alexander S. Lyman (Thomas Emery, on the brief), for respondent.

JENKS, J. The plaintiff appeals from a judgment dismissing her complaint at the opening of the trial at Special Term. Both parties concede that the action is in equity to remove a cloud upon the plaintiff's title. The question turns upon the extent and the validity of certain letters patent from the people of the state. The learned court dismissed the complaint, upon the ground that the court did not have jurisdiction, that such a grant could only be attacked by a suit brought directly by the sovereign, either by the people themselves through the Attorney General to set aside the entire grant, or, where it affects a private individual, as in this case, by the people on the relation of the owner to set aside the grant. My discussion is limited to the question whether an action of this nature lies.

It is well settled that, where evidence dehors the patent is required to show the invalidity thereof, the patent can be avoided "only in a direct proceeding to review the action of the commissioners, or by action in equity to vacate the patent." Blakslee Mfg. Co. v. Blakslee's Sons Iron Works, 129 N. Y. 155, 29 N. E. 2, and authorities cited. But I think that this rule does not prohibit an action by an individual to remove a cloud on his title. The distinction is clearly shown by Stephen J. Field, C. J., in Biddle Boggs v. Merced Mining Co., 14 Cal. 279, and especially at pages 363, 364, and 365. The learned judge first says:

"The proceeding by bill in equity, which an individual is allowed to take, to set aside a patent, or control its operation, is in the nature of a bill to quiet title—to determine an estate held adversely to him—to remove what would otherwise be a cloud upon his own title, or is in the nature of a bill to enforce a transfer of the interest from the patentee, on the ground that the latter has, by mistake or fraud, acquired a title in his own name, which he should in equity hold for the benefit of the complainant. The individual complainant must, therefore, possess a title superior to that of his adversary, and, of course, to that of the government through whom his adversary claims, or he must possess equities which will control the title in his adversary's name."

After discussion of Gaines v. Nicholson, 9 How. (U. S.) 364, 13 L. Ed. 172, the learned judge proceeds:

"Here the trustees asserted a title, which upon their allegation was superior to that of the government at the time the patent issued, and, though the suit

is stated in the opinion of the court to be to set aside and annul the patent, it was, in fact, as appears from the pleadings and judgment, only to stay proceedings at law and remove the cloud upon the title. In that particular case the effect of the suit, had the decree been sustained, would have been the same upon the rights of the patentees as if it had been brought to annul the patent absolutely. But in many cases the effect would be very different. A decree annulling a patent destroys it absolutely. A decree setting aside or restricting its operation to the premises in controversy still leaves it unimpaired in other respects. To annul a patent absolutely, proceedings can only be taken by the government, or some individual in its name, and that by scire facias, or by bill, or information. Individuals can maintain no proceedings to that effect; the question being one exclusively between the sovereignty issuing the patent and the patentee."

See, too, Peabody Gold Min. Co. v. Gold Hill Min. Co. (C. C.) 106 Fed. 241; Duluth & Iron Range R. R. Co. v. Roy, 173 U. S. 587, 19 Sup. Ct. 549, 43 L. Ed. 820; Van Wyck v. Knevals, 106 U. S. 370, 1 Sup. Ct. 336, 27 L. Ed. 201.

I think that section 1957 of the Code of Civil Procedure refers to actions to vacate and to annul, and is not prohibitive of this action. Such an instrument as is described in the complaint may be said to create a cloud upon title. Van Wyck v. Knevals, supra. This defendant is certainly a necessary party. Sanders v. Saxton, 182 N. Y. 477, 75 N. E. 529, 1 L. R. R. A. (N. S.) 727, 108 Am. St. Rep. 826.

The question of any defect of parties defendant is not raised on this appeal. Whether there is such a defect in this action which is in personam (Hart v. Sansom, 110 U. S. 151–154, 3 Sup. Ct. 586, 28 L. Ed. 101; Pomeroy's Eq. Jurisprudence, 5 [1 Pom. Eq. Rem.] § 12), needs not now to be considered.

I recommend that the judgment be reversed and a new trial be granted, costs to abide the final award of costs. All concur, except HIRSCHBERG, P. J., not voting.