of stock to prospective buyers in negotiating sales thereof, and from locking the pens containing the stock of the plaintiffs unless pursuant to some general rule applicable to and enforced alike against the plaintiffs and all of their competitors similarly situated, and for judgment for the costs of the action.

Judgment accordingly.

(158 App. Div. 429.)

## DOOLEY v. PROCTOR & GAMBLE MFG. CO.

(Supreme Court, Appellate Division, Second Department. October 3, 1913.)

1. NAVIGABLE WATERS (§ 37*)—GRANTS OF LAND UNDER WATER—VALIDITY.

Under 1 Rev. St. (1st Ed.) pt. 1, c. 9, tit. 5, § 67, as amended by Laws 1850, c. 283, authorizing the commissioners of the land office to grant lands under the waters of navigable rivers or lakes, but providing that no such grant shall be made to any person other than the proprietor of the adjacent lands, and that any such grant that shall be made to any other person shall be void, and section 69, extending their powers to the lands under water adjacent to and surrounding Staten Island, a grant to lands under water adjacent to Staten Island was not void on its face, although the grantee did not own the adjacent lands.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. § 37.*]

2. QUIETING TITLE (§ 7*)—CLOUD ON TITLE—VOID INSTRUMENT.

A title which is obviously void on its face is not a cloud on the title of the true owner, and a suit in equity cannot be maintained to set it aside.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. § 7.*]

3. NAVIGABLE WATERS (§ 37*)—LANDS UNDER WATER—CONFLICTING GRANTS—VALIDITY OF JUNIOR GRANT.

A grant of lands under water by the commissioners of the land office conveyed nothing until a former grant of the same lands was set aside, even though the former grant was invalid.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. § 37.*]

4. QUIETING TITLE (§§ 10, 44*)—TITLE OF PLAINTIFF—SUFFICIENCY OF EVIDENCE OF TITLE.

One suing to quiet title to land in the possession of the defendant must establish by a fair preponderance of the evidence that she possesses a title superior to that of her adversary and to that of the government, where her adversary claims through the government, or must possess equities which will control the title in her adversary's name, must succeed upon the strength of her own title, and not on the weakness of her adversary's title, and, if her title is called in question, must prove a title either from the original patentee, from some grantee in possession, or from one who is a common source of title of both parties.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 36–42, 89–92; Dec. Dig. §§ 10, 44.*]

5. NAVIGABLE WATERS (§ 37*)—LAND UNDER WATER—GRANT—TITLE.

Under 1 Rev. St. (1st Ed.) pt. 1, c. 9, tit. 5, § 67, as amended by Laws 1850, c. 283, authorizing the commissioners of the land office to grant lands under navigable waters, but providing that no grant shall be made to any person other than the proprietor of the adjacent lands, and that any such grant to any other person shall be void, and section 69, extending their powers to the lands under water adjacent to and surround-

ing Staten Island, an action could not be maintained to quiet plaintiff's title to, remove a cloud from, and enjoin defendant's interference with, lands under water in front of plaintiff's uplands, which were in defendant's possession under a grant from the commissioners, without showing the ownership of such uplands when the grant was made, the first deed in her chain of title being two years subsequent to the grant, since, for equity to set aside conveyances as a cloud on the title, plaintiff must be in possession of the property, or there must be other circumstances giving equitable jurisdiction.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. § 37.*]

Appeal from Special Term, Richmond County.

Action by Ann Dooley against the Proctor & Gamble Manufacturing Company. From a judgment for plaintiff (77 Misc. Rep. 398, 137 N. Y. Supp. 737), defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and STAPLETON, JJ.

William A. Shortt, of New York City, for appellant.
Calvin D. Van Name, of New York City, for respondent.

BURR, J. On December 21, 1880, the people of the state of New York, acting through its commissioners of the land office, granted to William R. Grace by letters patent a parcel of land in the town of Northfield, at Staten Island, in the county of Richmond. The westerly and northerly boundary lines were thus described:

"Commencing at a monument where the westerly boundary of the premises hereby conveyed intersects the southerly shore of the Kill von Kull, and running thence north seventy-seven degrees fifteen minutes east one hundred and fifty feet, thence north fifty degrees twenty minutes east two hundred and ninety feet, thence due north seventy feet, thence north fifty-five degrees thirty minutes west two hundred sixty-four feet, thence north forty-six degrees thirty minutes east one hundred and fifty-two feet, thence due north eighty feet, thence north forty-six degrees thirty minutes west two hundred and seventy-five feet, thence north four degrees forty-five minutes east twelve feet six inches, to the northerly line of the pier and bulkhead line as established by the Legislature of the state of New York, and thence along that line south eighty-five degrees fifteen minutes east six hundred and thirty feet."

This grant was recorded in the office of the clerk of Richmond county on January 19, 1883. Defendant has since purchased and is now the owner of such title as he thereby acquired. On March 8, 1887, the people of the state of New York, acting through said commissioners, granted to William Dooley a parcel of land in said township the easterly boundary line of which was therein described as follows:

"Beginning at the easternmost point of the meadow of William Dooley, on the north side of Lawrence's creek, where the said creek empties into Newark Bay, said point being distant one thousand and ninety-two feet and bearing north six degrees and twelve minutes east (true) from the New York state survey monument No. 283, and running thence due north (true) five hundred and thirty-three feet into the waters of Newark Bay," etc.

This grant was recorded in said clerk's office on March 12, 1887. Plaintiff has succeeded to such title as William Dooley acquired there-

by. The following diagram shows the westerly boundary line of the land granted to Grace in 1880 and the easterly boundary line of the land granted to Dooley in 1887:

It may be observed that the latter grant overlaps the former. The land and water lying between these two lines constitutes the locus in quo of this controversy. Commencing in the year 1906, and subsequently thereto, defendant constructed thereon a dock and a trestle bridge leading to the same, and has filled in a portion thereof, and threatens to continue so to do. In August, 1910, this action was commenced, and has resulted in a judgment to the effect that the grant contained in the letters patent to Grace was void and of no effect as to any portion of the land under water north of the upland claimed by plaintiff as shown on said diagram, and west of the easterly line of the letters patent to Dooley also shown thereon, that defendant has no title to said lands, and that it should be permanently enjoined from placing any material thereon or from maintaining its present dock and structures on the same. From this judgment defendant appeals.

At the date of the grant to Grace, the statute defining the powers of the commissioners of the land office was as follows:

"The commissioners of the land office shall have power to grant in perpetuity or otherwise, so much of the lands under the waters of navigable rivers or lakes, as they shall deem necessary to promote the commerce of this state, or proper for the purpose of beneficial enjoyment of the same by the adjacent owner, but no such grant shall be made to any person other than the proprietor of the adjacent lands, and any such grant that shall be made to any other person shall be void." 1 Revised Statutes, 208, § 67, as amended Laws of 1850, chap. 283.

"The powers of the commissioners shall also extend to the lands under water, adjacent to and surrounding Staten Island." Id. § 69.

The physical facts conceded or established by proof, as they existed at that time, were as follows: Grace was the owner of the upland shown on said diagram marked thereon "Defendant's Upland." It does not appear who was the owner at that time of the upland marked "Plaintiff's Upland." About 1875 the United States government had erected a dyke, as shown thereon, the westerly end of which was distant not more than 50 feet from the northwest corner of the upland now claimed by plaintiff. South of said dyke, before any structures were placed on the land under water, the water was not more than 3 feet deep at mean high tide, and at low tide the land was exposed, and consisted of mud flats except where the creek shown on said diagram emptied into the Kill von Kull, at which point the water did not exceed 2 or 3 feet in depth.

[1, 2] Before considering the question of the validity of the letters patent through which defendant claims, at least as to so much thereof as has been held by the judgment in this action to be void, we must determine whether upon the evidence here introduced plaintiff is in a position to raise the question. The grant to Grace was not void upon its face. If such were the case, no suit in equity could be maintained to set it aside, "because it is said that a title obviously void does not constitute even a cloud upon the title of the true owner." Moores v. Townshend, 102 N. Y. 387, 7 N. E. 401.

[3] So much of the grant to Dooley as overlapped that conveyed nothing, at least until the former grant was set aside. Boggs v. Merced Mining Co., 14 Cal. 279; Townsend v. Trustees of Brookhaven, 97 App. Div. 316, 89 N. Y. Supp. 982. "The king cannot grant the same thing in possession to one which he or his progenitors have granted to another." Townsend v. Trustees of Brookhaven, supra; Lee v. Johnson, 116 U. S. 48, 6 Sup. Ct. 249, 29 L. Ed. 570. "Individuals can resist the conclusiveness of the patent only by showing that it conflicts with *prior* rights vested in them." Boggs v. Merced Mining Co., supra; Peabody Gold Mining Co. v. Gold Hill Mining Co. (C. C.) 106 Fed. 241.

[4, 5] If we correctly understand plaintiff's contention, it is, to quote from the opinion of the learned court at Special Term, that:

"The action may properly be regarded as one to quiet title and to remove a cloud thereon, and incidentally to enjoin defendant's interference with lands under water to which plaintiff's title is established."

Accepting this statement for the purposes of this case, we think that plaintiff's proof fails. Certainly this is not the statutory action to determine claims to real property, for concededly plaintiff is not

in possession of the land affected by the judgment entered herein, but defendant is. Code of Civil Procedure, §§ 1638, 1639. Disregarding, as we must, the grant made to plaintiff's predecessor in title in 1887, and viewing her rights only as those of a riparian proprietor, with an easement of access to Newark Bay over waters lying to the north thereof, we consider, first, the rules applicable to such a situation; and, second, the evidence in this case.

As to the rules, plaintiff must establish by a fair preponderance of the evidence that she possesses a title superior to that of her adversary, and, of course, to that of the government through whom her adversary claims, or she must possess equities which will control the title in her adversary's name. Boggs v. Merced Mining Co., supra. In such case plaintiff must succeed upon the strength of her own title, and not on the weakness of her adversary. 32 Cyc. 1329; Townsend v. Trustees of Brookhaven, supra. If her title is called in question, as is the case here, she must prove such title (1) either from the original patentee; (2) from some grantee in possession; or (3) from one who is a common source of title of both parties. 32 Cyc. 1331.

"We have been unable to find any case where a party out of possession has been allowed to sustain an action quia timet to remove a cloud upon title, except when it was specially authorized by statute, or when special circumstances existed affording grounds for equitable jurisdiction aside from the mere allegation of legal title. * * * In all the cases cited to the effect that equity will entertain jurisdiction to set aside * * * conveyances as a cloud upon title, the party bringing the action was in possession of the property, or other circumstances gave equitable jurisdiction." Moores v. Townshend, supra.

No "other circumstances" sufficient to confer equitable jurisdiction to set aside the Grace patent may be found, unless at the time of the said grant plaintiff or her predecessors in title were the owners of and in possession of the "adjacent" uplands. The Grace patent was delivered in 1880. As we have pointed out, there is no evidence in this case as to the ownership or possession at that time of the uplands now owned by plaintiff, and upon the strength of which, if at all, the plaintiff must succeed. The first deed in plaintiff's chain of title is one from Clifford A. H. Bartlett, a referee under a judgment of foreclosure and sale made in 1882, more than two years after the date of the deed to Grace.

The cases principally relied upon by plaintiff (Lally v. New York Central & H. R. R. R. Co., 123 App. Div. 35, 107 N. Y. Supp. 868; Town of Brookhaven v. Smith, 188 N. Y. 75, 80 N. E. 665; Rumsey v. New York & New England R. R. Co., 114 N. Y. 423, 21 N. E. 1066; same case, 133 N. Y. 79, 30 N. E. 654, 15 L. R. A. 618, 28 Am. St. Rep. 600; Saunders v. N. Y. C. & H. R. R. R. Co., 144 N. Y. 75, 38 N. E. 992, 26 L. R. A. 378, 43 Am. St. Rep. 729; and Barnes v. Midland R. R. Terminal Co., 193 N. Y. 378, 85 N. E. 1093, 127 Am. St. Rep. 962) are without exception cases where the title of plaintiff or his predecessors to the upland, prior to the date when defendant obtained the grant which was attacked, was either admitted or proved; and in the case of Barnes v. Midland R. R. Terminal Co., supra, the grant attacked contained an express condition that no structure should

be erected upon the foreshore which should prevent any person from the reasonable use thereof between high and low water mark.

Inasmuch as other evidence may be introduced upon a new trial of this action, we do not now express an opinion upon the validity of defendant's grant, nor determine whether, in view of the irregular course of the shore, consisting of flats wholly exposed at low tide and traversed in some places by crooked channels, the land commissioners did not have jurisdiction to determine how these flats should be divided among the owners of the adjacent uplands, so as to give to each proprietor a fair and equal portion thereof, nor when plaintiff's cause of action accrued with reference to the running of the statute of limitations. Gould on Waters (3d Ed.) 326; Moran v. Horsky, 178 U. S. 205, 20 Sup. Ct. 856, 44 L. Ed. 1038; Curtner v. United States, 149 U. S. 662, 13 Sup. Ct. 985, 1041, 37 L. Ed. 890.

Upon the present evidence, this action may not be maintained, and the judgment appealed from must be reversed upon questions of fact as well as law, and a new trial must be granted; costs to abide the final award of cost. All concur except HIRSCHBERG, J., not voting.