# DANIELS v. JOHNSTON.

# SAME v. BUTLER.

# SAME v. CONNOR.

# SAME v. DINEEN.

APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

Nos. 234, 235, 236, 240. Argued April 21, 1915.—Decided June 1, 1915.

Decided on the authority of *Daniels* v. *Wagner, ante,* p. 547.
205 Fed. Rep. 235, reversed.

THE facts are stated in the opinion.

*Mr. Harrison G. Platt,* with whom *Mr. Robert Treat Platt* and *Mr. Hugh Montgomery* were on the brief, for appellant.

*Mr. Homer D. Angell,* with whom *Mr. William D. Fenton* and *Mr. Forrest S. Fisher* were on the brief, for appellees.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

These four cases were embraced among the fifteen which were argued by the appellant in one brief. For the appellees, however, they were argued in an elaborate brief which presses upon our attention fifteen different propositions. Without going into detail, however, after giving them all careful examination we think none of them af-

fords ground for sustaining the action of the court below in maintaining the demurrers, first, because many of them rest upon contentions concerning the good faith of Daniels in purchasing from the State of Oregon the right to lands under the school indemnity lists which even if that subject were relevant to the issues here arising are without merit, since they but contradict and conflict with the finding by. the Secretary of the Interior as to good faith, which finding we have pointed out in No. 239. Second, because other of the propositions but dispute in various forms of statement the finding of the Secretary that the applicant or applicants for the lieu entry or entries had complied with every requirement of the statute and regulations which were prerequisite to the allowance of the right which they, claimed. And finally because the remainder perhaps not directly but certainly by indirection seek to establish as a matter of construction under the act of 1897 that the Department possessed the discretionary power which it asserted.

We have not included in this classification of the propositions the first three which advance the theory that because patents had been issued to the subordinate entrymen in Nos. 234 and 235, therefore there was no right on the part of the lieu entrymen to assail the patent by indirection by seeking to impose a trust upon the title which the patents represent. But this view is so directly in conflict with the well-settled principle on that subject that we deem it unnecessary to say more. *Lee* v. *Johnson,* 116 U. S. 48; *Duluth & Iron Range R. R.* v. *Roy,* 173 U. S. 587; *Burke* v. *Southern Pacific Co.,* 234 U. S. 669, 692.

For these reasons and those stated in *Daniels* v. *Wagner, ante,* p. 547, No. 239, the decrees sustaining the demurrers in these cases must be reversed and the cases remanded for further proceedings in accordance with the opinion in this and in *Daniels* v. *Wagner, ante,* p. 547.

*Reversed.*