Talmidov Inc. v Marina Holding Corp. (2024 NY Slip Op 24004)

[*1]

Talmidov Inc. v Marina Holding Corp.

2024 NY Slip Op 24004

Decided on January 9, 2024

Supreme Court, Kings County

Montelione, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 9, 2024
Supreme Court, Kings County

Talmidov Inc., Plaintiff,

against
Marina Holding Corp. d/b/a DEAUVILLE MARINA, SHORE PARKWAY OWNER LLC, and JOHN DOES #1-20, the last twenty names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any having or claiming an interest upon the premises described in the Complaint, Defendants.

Index No. 515258/2020

For Plaintiff
Geoffrey S. Hersko, Esq.
Law Office of Geoffrey S. Hersko, P.C.
555 Willow Avenue, Suite 15
Cedarhurst, NY 11516
212-867-0124
For Defendants:
Alexis E. Saba, Esq.
Sive Paget & Riesel P.C.
560 Lexington Ave, Floor 15
New York, NY 10022
646-378-7217 Michael Bogin, Esq.
Sive Paget & Riesel P.C.
560 Lexington Ave, Floor 15
New York, NY 10022
646-378-7217

Richard J. Montelione, J.

The following papers were read on this motion pursuant to CPLR 2219(a):
Papers/Numbered
Plaintiffs Notice of Motion for Summary Judgment and to Strike Affirmative Defenses (MS #1), Attorney Affirmation in Support of Motion affirmed by Geoffrey S. Hersko, Esq. on January 19, 2023, Exhibit(s) 12-22
Defendants' Cross-Motion for Summary Judgment and Sanctions (MS #2), Defendants' Memorandum of Law in Support of Cross-Motion filed on March 29, 2023, Defendants' Attorney Affirmation in Support of Cross-Motion affirmed by Michael Bogin, Esq. on March 29, 2023, Exhibit(s) 24-33
Plaintiff Reply Affirmation in Support of Motion and in Opposition to Cross-Motion affirmed by Geoffrey S. Hersko, Esq. on August 22, 2023, Exhibit(s) 37-38
Defendants' Memorandum of Law in Opposition to Motion and in Support of Cross-Motion filed on September 13, 2023 40
This is an action for quiet title, ejectment, trespass and a declaration of easement by necessity in connection to real property located at 2734 Plumb 2nd Street, Brooklyn, NY 11235, Block 8840 Lot 90. The property in question is land completely submerged by the Shellbank Creek, a body of water located near the Sheepshead Bay neighborhood of Brooklyn. The property in question was not originally underwater. At some point in the early twentieth century, portions of the Shellbank Creek were dredged and the Shellbank Creek's waters were displaced, resulting in the property being submerged by the Creek.
Non-party Simon Brocho LLC purchased the property by referee's deed on June 12, 2017. NYSCEF #16. Talmidov Inc. ("plaintiff") purchased the property from non-party Simon Brocho LLC, by deed dated November 4, 2019 and recorded it on November 15, 2019. NYSCEF #15. Defendant Shore Parkway Owner LLC ("Shore Parkway") has owned the property located adjacent to plaintiff's property, located at Block 8840; Lot 103, since 2016. Defendant Marina Holding Corp. d/b/a Deauville Marina ("Marina") operates a marina from Shore Parkway's property. Plaintiff alleges that defendants Marina and Shore Parkway maintain a chain link fence that obstructs plaintiff from access its land. It is undisputed that the fence in question is erected entirely on dry land, that is owned and maintained by defendants Marian and Shore Parkway. Plaintiff also claims that defendants Marina and Shore Parkway's marina crosses the property line and is situated in part over plaintiff's land. Plaintiff commenced this action by filing a summons and verified complaint on August 19, 2020. Issue was joined by defendants Marina and Shore Parkway interposing an answer on September 25, 2020. [*2]Defendants Marina and Shore Parkway filed a verified amended answer on October 15, 2020. Plaintiff moves for summary judgment, pursuant to CPLR 3212(a), and to strike defendants' affirmative defenses, pursuant to CPLR 3211(b) (MS #1). Defendants Marina and Shore Parkway cross-move for summary judgment dismissing the complaint, pursuant to CPLR 3212(a), and for sanctions against plaintiff, pursuant to 22 NYCRR 130-1.1(a) (MS #2).
A motion for summary judgment will be granted if, upon all the papers and proof submitted, the cause of action or defense is established sufficiently to warrant directing judgment in favor of any party as a matter of law. CPLR 3212 (b); Gilbert Frank Corp. v. Federal Ins. Co., 70 NY2d 966, 967 (1988); Zuckerman v. City of New York, 49 NY2d 557, 562 (1980). On such a motion, the evidence will be construed in a light most favorable to the party against whom summary judgment is sought. Spinelli v. Procassini, 258 AD2d 577 (2d Dep't 1999); Tassone v. Johannemann, 232 AD2d 627, 628 (2d Dep't 1996); Weiss v. Garfield, 21 AD2d 156, 158 (3d Dep't 1964). The movant must therefore offer sufficient evidence in admissible form to eliminate all material questions of fact. Alvarez v. Prospect Hosp, 68 NY2d 320 (1986); Zuckerman v. City of New York, supra at 562; Friends of Animals, Inc v. Associated Fur Mfrs, Inc, 46 NY2d 1065 (1979).
"Riparian rights are the rights of a land owner, with property adjacent to navigable waters, to access the water for navigation, fishing and other such uses." Schuss v. Palmisano, 51 AD3d 766, 768 (2d Dep't 2008). "The right is for reasonable access and includes making access a practical reality by building a pier, or 'wharfing out'." Id quoting Town of Oyster Bay v Commander Oil Corp., 96 NY2d 566, 571 (2001). At common law, a waterway is considered navigable-in-law if it is tidal and "ebbs and flows." Douglaston Manor, Inc. v. Bahrakis, 89 NY2d 472, 478 (1997). A waterway is considered navigable-in-fact if "its natural or unimproved condition, affording a channel for useful commerce of a substantial and permanent character conducted in the customary mode of trade and travel on water." Navigation Law 2 [5], See Douglaston Manor, Inc. Supra at 479. 
In Schatz v. Guthrie, 132 N.Y.S 2d 665 (Sup. Ct. Kings County 1954), the Supreme Court addressed the rights of property owners concerning land adjacent to and submerged beneath the Shellbank Creek. The Schatz court found that the waters of the Shellbank Creek are navigable. Schatz at 667. Based on the testimony of a witness, Madeline Conway, the Schatz court found riparian property owner had a dock in the Shellbank Creek with "rowboats, a sailboat and a float" as early as 1932. The Schatz court also held that the owner of Lot 20, another parcel completely under water, that is adjacent to plaintiff's property in this action, was subject to an easement of a riparian owner. Schatz at 668; See NYSCEF # 28. The Schatz court further ruled that the owner of the submerged land's "title is subject and subservient to the upland owners' right of access to the navigable portion of the stream as well as to their rights to erect structures to enable them to reach such portion of the stream." Schatz at 669.
Plaintiff further contends that riparian rights should not extend to its property, because riparian rights do not apply to waterways that are artificially created by dredging. See Zanghi v. Rifice, 304 AD2d 11, 13 (2d Dep't 2003). However, the Schatz court found previous to its dredging, the area in question consisted of marshland with "a ditch or ditches" and "creek." Schatz at 667. Accordingly, the Schatz court may have found that even before it was dredged, the land in question was either tidal and/or useful to a commercial purpose. Additionally, "the circumstances surrounding the creation and use of an artificial body of water may under some circumstances give rise to rights similar to owners of property on the shoreline of a natural body [*3]of water." Alaimo v. Town of Ft. Ann, 63 AD3d 1481, 1483 (3d Dep't 2009). "Simply put, in some cases, where the usage of the artificial body of water has long been settled, it may be appropriate to treat the artificial body as the legal equivalent of a natural one." Id quoting Alderson v. Fatlan, 231 Ill.2d 311, 322 (2008). The Law of Water Rights and Resources has even opined that "[a]n artificial watercourse may become a natural one over time" § 3:26. Artificial Watercourses—Conversion of Natural to Artificial Watercourse, L. of Water Rights and Resources § 3:26. Moreover, "[t]he longer that an artificial watercourse is maintained at a constant level, the stronger the expectations of the shoreland owners become that riparian rights will be recognized. Id. "Courts have relied on three criteria to determine when an artificial stream should be treated as a natural one: (1) whether the way or stream is temporary or permanent, (2) the circumstances under which it is created, and (3) the mode in which it has been used or enjoyed." Id. 
In the instant case, defendants Marina and Shore Parkway submit aerial images that indicate plaintiff's land was dredged and submerged by water sometime between 1924 and 1951. NYSCEF #32; https://nyc.maps.arcgis.com/apps/instant/media/index.html?appid=e011fd05a86a4c09bd0b91fbc387f3eb. The land and shoreline have remained unchanged for the better part of a century. Additionally, defendants allege, and plaintiff does not dispute, that the marina in question has operated continuously for approximately 30 years. Moreover, testimony taken in the Schatz demonstrates that the waterway in question was used in the same way it is now, and was appropriate for boating, since 1932. Schatz at 668. Accordingly, the court finds defendant Shore Parkway's parcel should be treated as riparian with rights to access the Shellbank Creek over plaintiff's land, irrespective of whether that portion of the Shellbank Creek was natural or artificially extended. 
In the first cause of action, plaintiff asserts a quiet title claim against the defendants, and alleges that defendants Marina and Shore Parkway operate a marina that interferes with plaintiff's land and obstructs plaintiff's access to its land. Plaintiff admits "[t]he Property today is situated entirely beneath the water of an artificially created channel." NYSCEF #13. Plaintiff's owner further concedes the fence in question "denies me access to the Property but allows Marina's customers to freely access the Property without my permission or authorization." Affidavit of Avrohom Brown, NYSCEF #14. "To maintain a cause of action to quiet title [to real property], a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative." Nurse v. Rios, 160 AD3d 388 (2d Dep't 2018) quoting Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883 (2d Dep't 2017); See Dooley v. Procter & Gamble Mfg. Co., 158 A.D. 429, 433 (2d Dep't 1913) holding an action for quiet title was not the appropriate vehicle to claim land under water that the plaintiff did not possess. In the instant case, plaintiff does not allege it has possession of the land in question, nor that there is a removable cloud on the land. Summary judgment is accordingly GRANTED to defendants Marina and Shore Parkway and the first cause of action for quiet title is dismissed.
In the second cause of action, plaintiff seeks ejectment, alleging that the defendants have entered into possession of and built a fence upon plaintiff's land. However, as indicated earlier, the fence in question is entirely on dry land and plaintiff's property is elsewhere and entirely under water. Plaintiff further alleges that the marina is constructed on part of plaintiff's property. [*4]"To demonstrate entitlement to judgment on a cause of action for ejectment, a plaintiff must establish '(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate.' " City of New York v. Anton, 169 AD3d 999, 1001 (2d Dep't 2019) quoting RPAI Pelham Manor, LLC v. Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126 (2d Dep't 2016). In the complaint, plaintiff alleges no further conduct on behalf of defendants Marina and Shore Parkway which could give rise to a cause of action for ejectment. The only possession that defendants Marian and Shore Parkway may have of plaintiff's property is the marina, which defendant Shore Parkway is entitled to build and use as the riparian owner of adjacent property. Accordingly, summary judgment is GRANTED to defendants Marina and Shore Parkway and the second cause of action for ejectment is dismissed.
In the third cause of action, plaintiff alleges defendants committed trespass by entering plaintiff's property and building the fence and marina in question. "The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn." Shrage v. Con Edison Co., 216 AD3d 1023, 1025 (2d Dep't 2023) quoting Wlody v Birch Family Servs., Inc., 210 AD3d 1036, 1037 (2d Dep't 2022). The fence in controversy is erected completely on dry land, and plaintiff's land is entirely underwater. See NYSCEF 38, showing a picture of the fence. Defendants Marina and Shore Parkway would not need to enter the waterway, or plaintiff's land to build the fence. Moreover, as the adjacent property is riparian, defendants Marina and Shore are permitted to access the adjacent waterway. Plaintiff makes no further allegation that defendants Marina and Shore Parkway entered plaintiff's land for any other purpose. Summary judgment is accordingly GRANTED to defendants Marina and Shore Parkway and the third cause of action for trespass is dismissed.
The fourth cause of action seeks an easement by necessity over defendants Marina and Shore Parkway's property. Plaintiff claims it must cross over defendants Marina and Shore Parkway's property to access plaintiff's property. Plaintiff further alleges that it has no other means of ingress and egress to its property. "The party asserting an easement by necessity bears the burden of establishing by clear and convincing evidence that there was a unity and subsequent separation of title, . . . and that at the time of severance an easement over [the servient estate's] property was absolutely necessary. Significantly, the necessity must exist in fact and not as a mere convenience and must be indispensable to the reasonable use for the adjacent property." Bolognese v. Bantis, 215 AD3d 616, 621 (2d Dep't 2023) quoting Simone v. Heidelberg, 9 NY3d 177, 182 (2007). Defendants Marina and Shore Parkway maintain that they own an upland riparian property which defeats plaintiff's claim for an easement. Defendants Marina and Shore Parkway argue that the Shellbank Creek is a navigable body of water, so the plaintiff can access its land through other means. Defendants Marina and Shore Parkway further contend that the issue of plaintiff's access to its land was determined in Schatz v. Guthrie, 132 N.Y.S 2d 665 (Sup. Ct. Kings County 1954). 
In the instant case, plaintiff has submitted no evidence that Shellbank Creek has in any way changed since the Schatz decision. It is undisputed that defendants Marian and Shore Parkway operate a marina, meaning Shellbank Creek, where the marina is situated, is inherently navigable-in-fact. As for the plaintiff's contention that an easement by necessity should be granted, plaintiff have submitted no evidence that its property and defendant Marian and Shore Parkway's property were ever united in title. Nor does plaintiff demonstrate that at the time of [*5]alleged severance, or at any time, access through defendants' property was absolutely necessary. See Peasley v. State, 102 Misc 2d 982, 991 (Ct of Claims, 1980) holding that as a general rule "where there is access to a property over a navigable body of water an easement by necessity over a land route may not be obtained" (emphasis added). Summary judgment is therefore GRANTED to defendants Marina and Shore Parkway and the fourth cause of action seeking an easement by necessity is dismissed.
Turning now to the branch of plaintiff's motion to strike affirmative defenses and to dismiss counterclaims, since all the causes of action are dismissed, the branch of plaintiff's motion (MS #1) to strike affirmatives defenses is DENIED as moot. 
As for the defendant Marina and Shore Parkway's counterclaims, the first counterclaim seeks a declaratory judgment, declaring that defendant Marian and Shore Parkway have riparian and/or littoral rights to plaintiff's underwater property. Plaintiff has not resolved all questions of fact in its favor as to the riparian and littoral rights defendants Marina and Shore Parkway have over its property. The branch of plaintiff's motion (MS#1) to strike the first counterclaim seeking a declaratory judgment is DENIED.
Defendant Marina and Shore Parkway's second counterclaim alleges adverse possession over the portion of plaintiff's property covered by their marina, if defendant Shore Parkway does not hold riparian and/or littoral rights. The court finds Shore Parkway in effect has riparian rights to access the portion Shellbank Creek which submerges plaintiff's land. The branch of the motion (MS #1) to dismiss the second counterclaim is therefore GRANTED.
Defendant Marian and Shore Parkway's third counterclaim alleges they are entitled to a prescriptive easement to access plaintiff's property if defendant Shore Parkway does not hold riparian and/or littoral rights. The court finds Shore Parkway in effect has riparian rights to access the portion Shellbank Creek which covers plaintiff's land. The branch of the motion (MS #1) to dismiss the third counterclaim is therefore GRANTED.
Turning now to the branch of defendant Marian and Shore Parkway's cross-motion (MS #2) for sanction, defendant Marian and Shore Parkway argue that plaintiff's motion for summary judgment was frivolous and therefore sanctionable. Under 22 NYCRR 130-1.1, this court may impose sanctions if a party engages in frivolous conduct, if:
(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
(3) it asserts material factual statements that are false.
In its motion, plaintiff's contentions are not completely without merit in law. Plaintiff sought to make a distinction between riparian land and land adjacent to artificial waterways. This distinction exists at law, even though the court finds it is inapplicable to this case, because the waterway in question was enlarged to its current form decades ago and has been used for the same purpose ever since. The court also notes the scarcity of New York caselaw on the topic of enlarging natural bodies of water. Accordingly, the branch of the cross-motion (MS #2) for sanctions is DENIED. 

For the foregoing reasons, it is hereby
ORDERED that plaintiff's motion (MS #1) is GRANTED TO THE EXTENT that all affirmative defenses are stricken, the second counterclaim alleging adverse possession and the [*6]third counterclaim alleging a prescriptive easement are DISMISSED, and the motion is DENIED in all other respects; and it is further
ORDERED that defendants Shore Parkway Owner LLC and Marina Holding Corp. d/b/a Deauville Marina's cross-motion (MS #2) is GRANTED TO THE EXTENT that summary judgment is GRANTED, the complaint is dismissed, and the cross-motion is DENIED in all other respects.
This constitutes the decision and order of the court.
E N T E R
Hon. Richard J. Montelione, J.S.C.